James J. CONDIT and Rose Marie Condit, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 15299.

United States Court of Appeals Sixth Circuit.

March 17, 1964.

**154**

Frederick W. Mebs, Cincinnati, Ohio, for petitioners.

Fred R. Becker, Department of Justice, Washington, D. C., John B. Jones, Jr., Acting Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks, Martin B. Cowan, Attorneys, Department of Justice, Washington, D. C., on brief, for respondent.

Before WEICK, Chief Judge, and MILLER and CECIL, Circuit Judges.

PER CURIAM.

The question presented here concerns the right of a taxpayer, employed as an accountant by two affiliated industrial concerns, in computing his income tax, to take a deduction from income of expenditures he incurred for tuition, textbooks and necessary supplies in attending night law school. He graduated from the law school and was admitted to the bar in Ohio. Thereafter, he continued to work for the same employers. The deduction was claimed as an ordinary and necessary business expense of carrying on a trade or business under Section 162 of the Internal Revenue Code of 1954. (26 U.S.C. § 162)

We regard the issue in this case as one of fact.

The Tax Court found that taxpayer's primary purpose in enrolling in the law school was to qualify to meet the minimum standards of the legal profession and not to improve or maintain skills required or used by him in his employment. See Section 1.162–5 of Treasury Regulations on Income (1954 Code).

 We think there was substantial evidence including inferences properly deducible therefrom to support this finding of fact. In our judgment, it was not clearly erroneous. It is binding upon us. Commissioner v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218.

The decision of the Tax Court is, therefore, affirmed.