Lewis W. and Cornelia M. Kendrick v. Commissioner.
Kendrick v. Commissioner
Docket No. 6204-65.
United States Tax Court
T.C. Memo 1967-65; 1967 Tax Ct. Memo LEXIS 197; 26 T.C.M. (CCH) 339; T.C.M. (RIA) 67065; April 4, 1967
Lewis W. Kendrick, pro se, Quarters 617-c, Maxwell Air Force Base, Ala. Robert D. Hoffman, for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: Respondent determined a deficiency in petitioners' 1963 income tax in the amount of $391.03. The deficiency results from respondent's disallowance of an educational expense deduction in petitioners' 1963 joint return. Findings of Fact The record consists of a four page stipulation of facts, which facts are now found, and less than half a page recording the testimony of the only witness, Lewis W. Kendrick, with no cross-examination. Petitioners Lewis W. and Cornelia M. Kendrick are husband and wife, residing in Montgomery, Alabama. They filed their joint income *198 tax return for the year 1963 with the district director of internal revenue at Birmingham, Alabama. Lewis graduated from high school in 1942 and thereafter worked at a radio station in Bessemer, Alabama, until he enrolled at Birmingham Southern College in the fall of 1942. He left college and entered the Army in February of 1943. He served as a non-commissioned officer with the Transportation Corps. Following his discharge from the Army he went back to work for the radio station in Bessemer where he worked as an announcer from 1946 to 1949. During this time he again attended Birmingham Southern College on a part-time basis. From 1949 to 1951, Lewis worked at two radio stations in Birmingham as an announcer and program director. From about July 1951 until January of 1952, Lewis worked for the Brown and Bigelow Company selling advertising. The last four paragraphs of the stipulation are as follows: 5. Lewis had been commissioned a second lieutenant in the United States Air Force Reserve in January 1951, being awarded a military occupational specialty in the field of communications, public information officer. He volunteered for active duty with the United States Air Force in February *199 1952 and, in accordance with his agreement prior to recall, was assigned to an electronics countermeasure school at Keesler Air Force Base, Biloxi, Mississippi. In December 1952 he graduated as a flying electronics warfare officer. At such time, Lewis' primary Air Force specialty code (a new term which replaced "military occupational specialty") was changed to that of an electronics countermeasure officer, which designation was continued through 1963. From January 1953 until September 1963 Lewis served in various Air Force stations in the United States and overseas as an electronics countermeasure officer or a nuclear weapons officer. During this period of time Lewis attended a three month course for squadron officers at Maxwell Air Force Base which was completed sometime prior to October 1955; a nuclear weapons school at Lowery Air Force Base in Denver, Colorado, from October 1955 to June 1956. Additionally, from January 1958 until August 1958 (while still assigned primarily to flying duties) he attended the Northwestern State College in Louisiana under the Air Force Bootstrap Program (final semester), where a bachelor's degree in speech was conferred on him in August of 1958. *200 6. In September 1962 Lewis entered the University of Alabama under another Air Force program whereby he was placed on temporary duty at the university for a period up to one year to complete the requirements for a master's degree in radio-television. While attending the University of Alabama his permanent assignment was still with his unit at Barksdale Air Force Base, Louisiana. He graduated from the University of Alabama with a master's degree in radio-television on August 21, 1963. Following graduation he returned to his permanent station at Barksdale Air Force Base, Louisiana, for a short period of time. 7. In September 1963 Lewis was assigned to Maxwell Air Force Base to the position of chief of the television center. He continues to hold this post. 8. Lewis' primary duty and assignment in the Air Force at his various stations from 1952 until September 1963 was that of an electronics countermeasure officer or a nuclear weapons officer. In the joint return for 1963 there is reported salary by Lewis that year from the U.S. Air Force in the amount of $9,325 and business expenses in the form of educational expenses at the University of Alabama for his expenditures for meals *201 and lodging ($1,855.97), automobile expenses ($493.56), tuition ( $227), and books ($71.20) in the total sum of $2,647.73. In the return he states he was reimbursed by his employer (the Air Force) for such expenditures in the amount of $142.06, so in computing his taxable income on the return he took deduction for $2,505.67 ($2,647.73 minus $142.06). Respondent, in his 90-day letter, explained his disallowance of educational expenses as follows: Explanation of Adjustments (a) It is determined that your expenses while attending the University of Alabama in the taxable year ended December 31, 1963 do not qualify as trade or business expenses in connection with your employment as an officer in the United States Air Force. Therefore, the deduction of $2,154.17 claimed for meals and lodging, tuition and books, is disallowed. Respondent admits the amount of $2,154.17 was expended by Lewis during 1963 as educational expenses and Lewis makes no contention he is entitled to a greater educational expense deduction in 1963. Opinion Section 162(a), I.R.C. of 1954, allows "a deduction [for] all [of] the ordinary and necessary expenses paid or incurred during *202 the taxable year in carrying on any trade or business, * * *." It is under this statute that the Commissioner has promulgated regulation, section 1.162-5, stating when the taxpayer's expenditures for his education will be considered trade or business expenses and therefore deductible under the said statute. This regulation provides, in part: § 1.162-5 Expenses for education. (a) Expenditures made by a taxpayer for his education (including research activities) undertaken primarily for the purpose of: (1) Maintaining or improving skills required by the taxpayer in his employment or other trade or business, or (2) Meeting the express requirements of a taxpayer's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the taxpayer of his salary, status or employment. * * * (b) Expenditures made by a taxpayer for his education are not deductible if they are for education undertaken primarily for the purpose of obtaining a new position or substantial advancement in position, or primarily for the purpose of fulfilling the general educational aspirations or other personal purposes of the taxpayer. The fact that the education undertaken *203 meets express requirements for the new position or substantial advancement in position will be an important factor indicating that the education is undertaken primarily for the purpose of obtaining such position or advancement, unless such education is required as a condition to the retention by the taxpayer of his present employment. In any event, if education is required of the taxpayer in order to meet the minimum requirements for qualification or establishment in his intended trade or business or specialty therein, the expense of such education is personal in nature and therefore is not deductible. Since respondent's determination is presumed to be correct, it was petitioner's burden to plead and prove that his education at the University of Alabama in 1963 was undertaken by him primarily for the purpose of (1) maintaining or improving skills required by him in his employment or (2) meeting the express requirements of his employer, or a requirement of the applicable law or regulations imposed as a condition of retention by the taxpayer of his salary, status or employment. The issue is one of fact to be determined from the evidence. Welsh v. United States, 329 F. 2d 145 (1964); *204 Condit v. Commissioner, 329 F. 2d 153 (1964), affirming Memorandum Opinion of this Court. In our opinion, Lewis failed either to plead or prove the necessary facts to show the educational expenses should be deductible under the above statute and regulation. In his petition he largely indulges in completely irrelevant statements and he does not even allege the purpose for which the education was undertaken. [1]
*205 There is nothing in Lewis' testimony that even remotely tells us that his enrollment at the University was for the primary purpose of maintaining or improving skills or meeting any express requirements of his employer. In fact, he did not testify at all as to what his primary purpose was in attending the University. He carried on the theme of his petition and stated he could not "understand the Internal Revenue's ruling concerning the discrimination against people in the Armed Forces." There is nothing in the stipulated facts that would warrant a conclusion that petitioner's attendance at the University of Alabama was undertaken primarily for the purpose of maintaining or improving skills required in his employment or to meet the requirements of his employer. Petitioner entered active service in the Air Force in 1952. His reply brief indicates he was a Major in 1963 when, as the stipulation states, "he was placed on temporary duty at the University for a period up to one year to complete the requirements for a master's degree in radio-television." Following this temporary duty at the University, he returned to active duty at various Air Force bases and since September of 1963 he *206 has served at Maxwell Air Force Base in the position of chief of the television center. The fact that Lewis, in his present assignment, might be using skills he learned and developed during his civilian employment and perhaps improved during his attendance at the University is of no interest as to the issue presented here. At the time he was given temporary duty at the University so he could enroll at the University, he was an employee of the Air Force where he had served for the previous 11 years. He remained an employee of the Air Force and there is nothing in the stipulation that indicates his enrollment at the University was in any manner required in his employment, or required by the Air Force. Indeed, the indication in the stipulation is that he was taking advantage of some Air Force program in securing the temporary assignment so he could go to school. He tells us on brief that securing the degree from the University would be no advantage to him in the service. He states rank, position, and pay are awarded on length of service in grade and not on educational attainment. We need not speculate on whether the education was perhaps undertaken primarily for the purpose of obtaining *207 a different assignment or post in the Air Force, or to sharpen skills he might use if he retired or resigned and returned to the type of work he did before he entered the service. Expenses for education undertaken for such personal purposes would not be deductible. Sec. 1.162-5(b), Income Tax Regs., supra. It is enough to state the record wholly fails to show the requisite primary purpose for the educational expense, to render it deductible under section 1.162-5, Income Tax Regs., supra. Decision will be entered for the respondent. Footnotes
1. The following concluding paragraphs of the petition show its complete inadequacy to frame what should be the issue here: "5. The facts upon which the petitioner relies as the basis of this case are as follows: "a. The Petitioner considers his tour of combat duty with the United States Air Force to be a temporary leave of absence despite the extended period of time that he was required to perform such duties. "b. Further, the Petitioner submits that the military commitments of this nation are solely the responsibility of the President of the United States and the responsibility for the operational execution of such commitments is vested with the civilian Secretaries who in turn delegate the military Chiefs of Staff the authority to supervise each member of the officer corps. Therefore any order or direction followed by such officer is not subject to question. "c. Therefore, the Petitioner submits that any determination made by the Commissioner that is based on the length of time that an officer is required to perform an assigned duty is outside the jurisdiction of the Commissioner. "Wherefore, the Petitioner prays that this Court may try the case and by its findings remove this inequity so that the Commissioner can provide the tax privilege that is warranted by all other provisions of the law."↩