William Kent McCarter v. Commissioner.
McCarter v. Commissioner
Docket No. 426-68.
United States Tax Court
T.C. Memo 1969-63; 1969 Tax Ct. Memo LEXIS 235; 28 T.C.M. (CCH) 361; T.C.M. (RIA) 69063; March 31, 1969, Filed T. R. Zettelmeyer, for the petitioner. J. Edward Friedland, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined a deficiency of $277.55 in petitioner's Federal income tax for the calendar year 1965. The sole issue is whether petitioner may deduct $862.76 of educational expenses as ordinary and necessary business expenses. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioner's legal residence was Euclid, Ohio, when he filed his petition in this proceeding. He filed his Federal income tax return for the calendar year 1965 with the district director of internal revenue, Cleveland, Ohio. Petitioner received his A.B. degree in 1960. From that time until 1963, he taught English at Brush High School. In 1962, *236 he received a master's degree in history. In the spring of 1963 he was employed to teach "American Studies" at Euclid High School. 362 He began teaching there in September 1963 and has continued to do so since that time. "American Studies" is a combination course, focusing primarily on history and government. In August of 1963, petitioner registered as a part-time law student at Cleveland Marshall Law School with the view to obtaining a degree of Juris Doctor. Prior to so registering, he considered graduate work in history and government as an alternative. He finally chose the study of law because he thought at that time that: (1) it would have application to his high school teaching; (2) he would receive credit towards steps on the teachers' salary scale as his course work progressed and for receiving a degree; (3) the legal background would put him in a favorable position for eventual promotion to an administrative position in the school system. Petitioner had met the minimum requirements for qualification as a high school teacher of "American Studies" prior to his enrollment in law school. He was not required to attend law school in order to retain his employment status *237 or to retain or increase his level of compensation. As he accumulated credits and, in due course, his degree, he received increases in salary. While in law school, he followed the regular curriculum required for a degree. During this period, he commenced preparing tax returns for others than himself and, in connection with this activity, advertised in the newspapers. In June of 1967, petitioner received his J.D. degree. He immediately took a bar review course and the State bar examination. In October of 1967, he was admitted to the Ohio State Bar. He also has been admitted to practice before the United States District Court for the Northern District of Ohio. Shortly after his admission to the bar, petitioner became a part-time instructor in business law at Cleveland State University at a compensation of $600 per semester. Since December 1967, petitioner has practiced law on a limited part-time basis in partnership with a full-time practitioner whom he has known for some years. In the summer of 1967, petitioner rewrote the curriculum in "American Studies" in such a way as to enable him to make use of his legal background in the course of his teaching. He requires his students *238 to read various paperback books dealing with the role of the Supreme Court in American life, everyday law, and similar topics. In addition, the petitioner occasionally is requested by other teachers to teach one of their classes when a legal area is involved. Ultimate Finding of Fact During the taxable year 1965, petitioner did not have as his primary purpose in studying law the improvement of his skills as a teacher. Opinion The sole issue herein is whether petitioner is entitled to deduct his law school expenses during 1965 as "ordinary and necessary" business expenses. This is a question of fact. Compare Condit v. Commissioner, 329 F. 2d 153 (C.A. 6, 1964), affirming a Memorandum Opinion of this Court, with Welsh v. United States, 329 F. 2d 145 (C.A. 6, 1964). We agree with respondent that he may not. Under the current regulations, petitioner's expenses would quite plainly be non-deductible, since his acquisition of a law degree objectively qualified him for a new trade or business, whatever his subjective motivation may have been. See section 1.162-5(b), Income Tax Regs. Petitioner may, however, elect to rely on the *239 regulations formerly in effect. Rev. Rul. 68-191, 1968-1 C.B. 67; see Lawrence H. Bakken, 51 T.C. 603 (Jan. 13, 1969), n. 2. Section 1.162-5 formerly provided, in pertinent part: (a) Expenditures made by a taxpayer for his education are deductible if they are for education * * * undertaken primarily for the purpose of: (1) Maintaining or improving skills required by the taxpayer in his employment or other trade or business, or (2) Meeting the express requirements of a taxpayer's employer * * * imposed as a condition to the retention by the taxpayer of his salary, status or employment. Whether or not education is of the type referred to in subparagraph (1) of this paragraph shall be determined upon the basis of all the facts of each case. If it is customary for other established members of the taxpayer's trade or business to undertake such education, the taxpayer will ordinarily be considered to have undertaken this education for the purposes described in subparagraph (1) of this paragraph. * * * 363 (b) Expenditures made by a taxpayer for his education are not deductible if they are for education undertaken primarily for the purpose of obtaining *240 a new position or substantial advancement in position, or primarily for the purpose of fulfilling the general educational aspirations or other personal purposes of the taxpayer. * * * Petitioner's employer did not require him to attend law school, or, so far as appears in the record, to continue his education in any form, and so he cannot meet the requirements of section 1.162-5(a)(2). See Lawrence H. Bakken, supra. Thus, petitioner must show that his education was "primarily for the purpose of maintaining or improving skills" required by him in his teaching employment. Section 1.162-5(a) (1), Income Tax Regs., supra. It is not enough that there is a relationship between a background knowledge of law and petitioner's profession. James A. Carroll, 51 T.C. 213, 215, 219-220 (1968), on appeal (C.A. 7, Jan. 29, 1969). Such background knowledge has a broad general utility in many occupations. N. Kent Baker, 51 T.C. 243 (1968), and particularly at pp. 248-249. There must be a sufficient nexus between the study undertaken and the skills to be improved. Even if we attach a large degree of importance to the taxpayer's subjective *241 intent (cf. Greenberg v. Commissioner, 367 F. 2d 663 (C.A. 1, 1966), reversing 45 T.C. 480 (1966)), we are entitled to weigh the objective relationship between the courses and the job or profession in determining that intent. And we are equally entitled to make our determination in light of all the facts and circumstances involved. See N. Kent Baker, supra, 51 T.C. at p. 247. Petitioner's initial reasons for entering law school present a mixed picture of his purpose. [1] One reason was to secure salary increases, but the evidence indicates that any form of higher education would have served this function. Another reason was that it would have application to his teaching duties. Clearly, however, petitioner's employment did not require him to draw legal conclusions from specific factual settings. Cf. Campbell v. United States, 250 F. Supp. 941 (E.D. Pa. 1966). Granted that the background he acquired may have given him special insight into history, government, and contemporary problems *242 and thus generally contributed to his teaching capabilities, the fact remains that, at the time he commenced his legal education, he was not teaching law nor had he been hired to do so. Cf. Owen L. Lamb, 46 T.C. 539 (1966). Indeed, even if we recognize that, under some circumstances, there may be a nexus between a legal education and the teaching of history and government, it is significant that petitioner embarked upon his law school career before he had actually taught "American Studies," so that his claimed judgment as to the relationship involved is at least open to question. The final reason was petitioner's belief that a legal education might lead to an administrative position in the school system. Even if we assume that this did not involve a new position or a substantial advancement in position (compare section 1.162-5(b)(3) (i)(d) of the current Income Tax Regs.), this belief alone is not determinative. Subsequent activities on the part of petitioner significantly sharpen our insight into petitioner's purpose. While he was in law school, he held himself out as a preparer of tax returns. Immediately upon graduation, he prepared for and took the bar examination *243 and was admitted to the Ohio bar. He made it a point to be admitted to the bar of the United States District Court. He promptly obtained ancillary new employment as a business law teacher at the college level, and he held himself out, albeit on a part-time basis, as a practicing lawyer in partnership with a full-time partner. We also note that the record herein is devoid of any evidence that petitioner actually utilized his legal education in his employment until after he had received his law degree, although by that time he had been teaching "American Studies" for four academic years. Similarly, we have no evidence that it was customary for teachers situated similarly to petitioner to seek a law degree. Nor do we have before us a situation where there is clear evidence of an original permissible purpose coupled with a change therefrom in a subsequent taxable year. Cf. Welsh v. United States, 210 F. Supp 597 (N.D. Ohio, 1962), affd. 329 F. 2d 145 (C.A. 6, 1964). 364 On the basis of the entire record herein, petitioner has not convinced us that his primary purpose in attending law school during 1965 was the improvement and maintenance of skills *244 required in his employment. Indeed, it appears to us that petitioner's study of law - at least during the taxable year before us - was for an entirely different reason, namely, to practice law or utilize his legal education in a field directly related thereto. Having acquired that education, petitioner quite naturally took such advantage of it in his employment as he could; but we think that the causation involved flowed from his education to his employment, and not vice versa. The expenses petitioner incurred are therefore not deductible. In view of the extent of the amount allowed as an itemized deduction herein and in order to accord petitioner the benefit of the standard deduction, Decision will be entered under Rule 50. Footnotes
1. We note that the reasons given by petitioner reflect his state of mind in August 1963, although the taxable year involved herein is 1965.↩