John D. and Karla Kay Glasgow v. Commissioner.
Glasgow v. Commissioner
Docket No. 5121-70 SC.
United States Tax Court
T.C. Memo 1972-77; 1972 Tax Ct. Memo LEXIS 181; 31 T.C.M. (CCH) 310; T.C.M. (RIA) 72077; March 28, 1972, Filed John D. Glasgow, pro se, 613 W. Pekin,morris, Okla. G. Phil Harney, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent determined a deficiency of $389 in petitioners' income tax for the year 1967. The issue before us is whether petitioners are entitled to a deduction for educational expenses incurred during 1967. Findings of Fact Petitioners, John D. and Karla Kay Glasgow, filed a joint Federal income tax return for the taxable year 1967 with the district director of internal revenue in Oklahoma City, Oklahoma. They were residents of Morris, Oklahoma, at the time the petition herein was filed. Since the deduction at issue relates only to education undertaken by John D. Glasgow, we will hereinafter refer to him as the petitioner. Petitioner was ordained into the *182 Baptist ministry at the age of 19, and at that point had the freedom to preach to any Baptist congregation without further preparation. He turned 19 on March 8, 1960. 311 In May 1959, petitioner was graduated from high school in Wagoner, Oklahoma. He matriculated at Northeastern State College, Tahlequah, Oklahoma, in the fall of 1959. Petitioner was a student at Northeastern State College during the fall semester of 1959, the spring and fall semesters of 1960, 1961 and 1962, and the spring semester of 1963. At the close of the spring semester in 1963 petitioner had accumulated 77 semester hours of college credits. From late 1963 until sometime in 1966 petitioner minstered to a Baptist congregation in Oktaha, Oklahoma. Oktaha was not near enough to a college or university for petitioner to continue his education. In 1967 petitioner was the pastor of the First Baptist Church in Savanna, Oklahoma, and he enrolled at Southeastern State College in nearby Durant, Oklahoma, for both the spring and fall semesters of 1967. The courses taken by him during those two semesters carried the following titles: introduction to teaching, humanities, American history since 1876, Oklahoma history *183 and government, American literature since Whitman, child and adolescent psychology, business communication, short story, European history from 1870 to 1919, to age of satire, English usage for business students, radio and television production. On his income tax return for 1967 petitioner claimed a deduction of $2,779 for tuition, transportation, and other expenses stemming from his enrollment at Southeastern State College. Respondent disallowed the entire deduction and determined a deficiency accordingly. Petitioner was graduated from Southeastern State College in 1969 with a bachelor of arts degree and a major in English. Petitioner did not decide upon a specific degree program until the last year of his undergraduate study. Prior to that time he had structured his curriculum by choosing those courses which would best aid him in serving his congregation. Petitioner did not take the courses necessary to gain a teaching certificate in addition to his Baccalaureate degree, and was one of the rare students in his college who did not do so. Southeastern State College requires its students to accumulate a minimum of 124 semester hours in order to be graduated. Prior to the spring semester *184 in 1967 petitioner's church encouraged him to attend Southeastern State College. Throughout the time petitioner was securing his college education he was primarily devoting his attention to his ministry. Petitioner's annual income was less for the three years immediately preceding the trial herein than it was for 1961. Petitioner enrolled at the Southwestern Baptist Theological Seminary, Fort Worth, Texas, in September 1971, and was working toward a degree there at the time of trial. Candidates for admission to Southwestern Seminary must either have received a baccalaureate degree from an accredited college or university, or have reached thirty years of age and have been graduated from high school. However, the programs leading to three of the four degrees offered by Southwestern Seminary are not open to those students without a baccalaureate degree. Petitioner was admitted to one of the programs at Southwestern Seminary which required a baccalaureate degree as a prerequisite. Opinion The issue before us is whether petitioner, an ordained Baptist minister, can deduct educational expenses which he incurred in 1967 while taking certain undergraduate courses at Southeastern State *185 College in Durant, Oklahoma. He claims that the expenses are deductible as ordinary and necessary business expenses within the meaning of section 162 [1] and the applicable Income Tax Regulations. The regulations governing the deduction of educational expenses under section 162 were promulgated in 1958 and substantially amended in 1967. T.D. 6291, 1958-1 C.B. 63; T.D. 6918, 1967-1 C.B. 36. For taxable years beginning prior to January 1, 1968, taxpayers may rely on either the 1958 or the 1967 regulations. Rev. Rul. 68-191, 1968-1 C.B. 67. Although petitioner's testimony was apparently predicated on the 1958 regulations, he was without counsel and we will consider his position alternatively under each set of regulations and apply whichever is more favorable to him. See Ronald F. Weiszmann, 52 T.C. 1106 (1969), affirmed per curiam 443 F. 2d 29 (C.A. 9, 1971). The question of the deductibility of educational expenses under section 162 is one solely of fact. Compare Welsh v. United States, 329 F. 2d 145 *186 312 (C.A. 6, 1964), with Condit v. Commissioner, 329 F. 2d 153 (C.A. 6, 1964), affirming a Memorandum Opinion of this Court. Petitioner, of course, has the burden of proof. Rule 32, Tax Court Rules of Practice.
Petitioner claims that he comes within the provision of the 1958 regulations which allows a deduction for the cost of education undertaken primarily for the purpose of maintaining or improving skills required of a taxpayer in his employment or other trade or business. T.D. 6291, 1958-1 C.B. 63. The test of the taxpayer's primary purpose under the 1958 regulations is subjective, relying heavily on what the taxpayer actually intended. After consideration of the entire record we have concluded that petitioner's primary purpose in undertaking the education in issue was to maintain and improve skills required of him in his employment. Petitioner was an excellent witness for himself. He stated sincerely that his primary purpose for undertaking the education in issue was to aid him in carrying out his duties as a Baptist minister, and his actions were consistent with his words. He was an ordained Baptist minister long before he undertook the education *187 here in issue. His college education extended over a nine-year period, indicating that his time was devoted primarily to the church. Petitioner had no real major field of study until he was forced to select a major in his final year of undergraduate study. Until that time he chose his courses according to their helpfulness to his ministry. Petitioner's degree did not qualify him either for a new trade or business, or for a substantial advancement in his position. He neither sought nor obtained the teaching certificate which was customarily awarded to graduates from his college. His annual salary during the three years prior to trial herein was less than it had been 10 years earlier. Petitioner was encouraged by his congregation to attend college. However, even though petitioner's primary purpose in undertaking the education was to maintain and improve his skills, he cannot be allowed to deduct the cost of his education as an ordinary and necessary business expense until he has established a direct and proximate relationship between the education and skills required in his employment. Kornhauser v. United States, 276 U.S. 145 (1928); Burke W. Bradley, Jr., 54 T.C. 216 (1970); *188 Stanley Marlin, 54 T.C. 560, 566, 567 (1970); Lawrence H. Bakken, 51 T.C. 603 (1969), affd., 435 F. 2d 1306 (C.A. 9, 1971); James A. Carroll, 51 T.C. 213 (1968., cf. *john C. f/ord, 56 T.C. 1300 (1971), on appeal (C.A. 9, December 13, 1971). We hold that petitioner has demonstrated such a relationship. The skills required of a pastor to shepherd his congregation are many and varied. In order to best minister to the wide-ranging needs of his congregation petitioner needed to be skilled in public speaking, English, drama, accounting, psychology, history, education, and a host of other disciplines. The courses taken by petitioner did, in fact, maintain and improve such skills. The course dealing with the psychology of children and adolescents helped him deal with the problems of the younger members of his congregation. His courses in teaching methods aided him in carrying out the teaching duties attendant to his position. The business-related courses aided him in executing his responsibilities as manager of the financial and business affairs of his church. The other courses similarly enhanced skills which were "appropriate *189 and helpful" to petitioner in solving the wide-ranging problems peculiar to his calling. See Cosimo A. Carlucci, 37 T.C. 695, 699 (1962); Rev. Rul. 60-97, 1960-1 C.B. 69, 70. Although James A. Carroll, supra, evinces our belief that there are few situations in which a deduction can be allowed for the cost of an undergraduate college education, we believe that this is one case where a deduction should be allowed. Since petitioner has prevailed under the 1958 regulations, we need not consider the 1967 regulations. Decision will be entered for the petitioner. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, unless otherwise specified.↩