JOHN E. and VIRGINIA L. GATES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gates v. Commissioner
Docket No. 1921-75
United States Tax Court
T.C. Memo 1977-236; 1977 Tax Ct. Memo LEXIS 205; 36 T.C.M. (CCH) 970; T.C.M. (RIA) 770236; July 26, 1977, Filed *205 Petitioner, an insurance claims adjuster, seeks to deduct the expenses he incurred in attending law school. Held: such school expenses are nondeductible because they were incurred in the pursuit of a program of study "which will lead to qualifying him in a new trade or business," sec. 1.162-5(b)(3)(i), Income Tax Regs.
John E. Gates, pro se. Deborah S. Hack, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: The Commissioner determined a deficiency of $263.53 in petitioners' joint Federal income tax for the calendar year 1973. The sole issue for decision is whether petitioners are *206 entitled to a deduction for expenses incurred by John E. Gates in attending law school. FINDINGS OF FACT Some of the facts have been stipulated. This stipulation of facts, along with attached exhibits, is incorporated herein by this reference. Petitioners, husband and wife, resided in Birmingham, Mich., at the time of filing their petition herein. They filed a joint Federal income tax return for the calendar year 1973. Since Virginia L. Gates is a party hereto solely by reason of having filed a joint return with her husband, John E. Gates will hereafter be referred to as the petitioner. At the time of trial petitioner had been an insurance adjuster for approximately 20 years. For the last eight of those years he was self-employed. Petitioner felt that it would be of value to him in his trade or business to enroll in some selected legal courses. He was denied this opportunity by Wayne State University which required that an enrollee be a degree candidate. Therefore, in 1972, petitioner enrolled as an evening student in the Wayne State University Law School. He was still pursuing his law school studies at the time of trial and expected to receive his degree a few weeks *207 later. OPINION Petitioner now seeks to deduct the costs of his law school courses for 1973. He states that he has been self-employed for many years and that a knowledge of law is both necessary and helpful in the pursuit of his occupation as an insurance adjuster. He states that he has no intent to practice law and that at age 47 he is an extremely unlikely candidate for a new profession. He contends that individual circumstances should temper the application of section 1.162-5, Income Tax Regs., and as a result, in a case where the taxpayer has no intent to practice law he should not be precluded from deducting the costs of his law school education merely because they "will lead to qualifying him in a new trade or business." We do not agree. There can be no doubt that the regulations deny petitioner a deduction for the cost of his legal education. Section 162 [1] allows a deduction for ordinary and necessary business expenses. Section 1.162-5, Income Tax Regs., sets forth guidelines for determining those educational expenses which are ordinary and necessary expenses incident to a taxpayer's trade or business. In this regard, subsection (b)(3)(i) of the regulation cited *208 above states as follows: Sec. 1.162-5. Expenses for education. * * *
(b) Nondeductible educational expenditures
* * *
(3) Qualification for new trade or business. (i) The second category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. * * * (ii) The application of this subparagraph to individuals other than teachers may be illustrated by the following examples: Example (1). A, a self-employed individual practicing a profession other than law, for example, engineering, accounting, etc., attends law school at night and after completing his law school studies receives a bachelor of laws degree. The expenditures made by A in attending law school are nondeductible because this course of study qualifies him for a new trade or business. It is clear that petitioner argues for application of a subjective test with respect to the *209 deductibility of his law school expenses. He wants the deductibility of such expenses to turn on intent, that is, how does the taxpayer intend to utilize his education. Petitioner here proposes a rule which would allow the deduction where the taxpayer intended to utilize the education in his present trade or business. While the rule for which petitioner argues may not be an unreasonable one, it is not the law. Under section 1.162-5 as it existed prior to May 1, 1967, educational expenditures of a taxpayer were deductible if made for the "primary purpose" of maintaining or improving his skills in his trade or business. Thus, under the old rule even if the expenditure qualified the taxpayer for a new trade or business, such expenditure might still be deductible if their "primary purpose" was to maintain or improve the taxpayer's skills in his present trade or business. [2] Petitioner requests that just such a rule be applied to his case. However, it is precisely this subjective standard which the present regulation was designed to eliminate. In the notice of proposed rule making to the present regulation, published in the Federal Register on October 1, 1966, it was stated that *210 the new regulation was designed "to provide more specific rules with respect to the treatment, for Federal income tax purposes, of expenditures for education." Therefore, the present regulation dropped the "primary purpose" test and in lieu thereof denied a deduction for any educational expenditure "which will lead to qualifying * * * [the taxpayer] in a new trade or business." The validity of the present regulation has been upheld, Melnik v. United States,521 F. 2d 1065 (9th Cir. 1975), cert. denied 425 U.S. 911 (1976); Weiszmann v. Commissioner,52 T.C. 1106 (1969), affd. per curiam 443 F. 2d 29 (9th Cir. 1971), and it has been applied on numerous occasions. See, e.g., Feistman v. Commissioner,63 T.C. 129 (1974); O'Donnell v. Commissioner,62 T.C. 781 (1974), affd. without published opinion 519 F. 2d 1406 (7th Cir. 1975); Taubman v. Commissioner,60 T.C. 814 (1973); Bodley v. Commissioner,56 T.C. 1357 (1971); Bradley v. Commissioner,54 T.C. 216 (1970); Weiler v. Commissioner,54 T.C. 398 (1970). We have *211 no choice but to apply it once again. As a result, we believe petitioner's expenses incurred in taking courses leading to a law degree are nondeductible personal expenses within the meaning of section 262. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect for the year in issue.↩
2. See, e.g., the following cases where the Court utilized the "primary purpose" standard to allow the taxpayer a deduction even though the expenditure was made for law school education. Welsh v. United States,329 F. 2d 145 (6th Cir. 1964); Berry v. Commissioner,T.C. Memo. 1971-110; Baum v. Commissioner,T.C. Memo. 1964-37; Frazee v. Commissioner,T.C. Memo. 1963-217. For a case where the taxpayer failed the primary purpose standard see Condit v. Commissioner,329 F. 2d 153 (6th Cir. 1964), affg. T.C. Memo. 1962-245↩.