N. KENT BAKER, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1678–67.   Filed November 12, 1968.

*N. Kent Baker,* pro se.
*Emory L. Langdon,* for the respondent.

DAWSON, *Judge:* Respondent determined deficiencies in petitioner's income tax for the years 1964 and 1965 in the respective amounts of $339.69 and $994.43.

For the year 1964, petitioner has conceded in his reply brief that

---

he is not entitled to deductions for automobile expense of $40 and for tuition, books, and supplies of $535.61. Thus there remains in dispute a claimed business deduction of $1,030.50 for meals and lodging incurred while petitioner was attending the University of Denver Law School.

Petitioner did not allege error in his petition with respect to a claimed deduction of $4,278.87 for legal education expenses incurred in 1965 which were disallowed by respondent in the notice of deficiency. Therefore, the deficiency determined for 1965 is not contested.

The only issue for decision is whether the 1964 expenses of $1,030.50 incurred for meals and lodging in attending law school as a full-time student are deductible as ordinary and necessary business expenses.

### FINDINGS OF FACT

Some of the facts have been stipulated and are found accordingly.

N. Kent Baker (herein called petitioner) was a legal resident of Colorado Springs, Colo., when he filed his petition in this proceeding.

Petitioner's individual Federal income tax return for the year 1964 was filed with the district director of internal revenue at Denver, Colo. He claimed a standard deduction on his return and also claimed as a separate deduction the following expenses paid in attending the University of Denver Law School in 1964:

| | |
|---|---|
| Meals and lodging | $1,030.50 |
| Automobile expenses | 40.00 |
| Tuition, books, and supplies | 535.61 |
| Total | 1,606.11 |

B. H. Baker, Inc., is a corporation located in Colorado Springs, Colo., which is engaged in commercial, industrial, and engineering construction. Most of its operations are conducted in the southern half of Colorado. In 1964 the corporation was owned entirely by B. H. Baker, the father of petitioner.

Petitioner, who was born February 1, 1940, began working part time for his father's corporation in 1954 while he was in high school. He performed semiskilled work, i.e., hod carrier, carpenter's helper, mason tender, and some surveying. He graduated from Colorado Springs High School in 1958, and enrolled later that year in Ottawa University, Ottawa, Kans. He transferred to Colorado State University, Fort Collins, Colo., in 1960. He completed his requirements for a B.S. degree in civil engineering in December 1963 and received his degree in 1964. Immediately after leaving Colorado State University, he entered Stanford University in Palo Alto, Calif., to obtain a masters degree in civil engineering. He dropped out of the graduate engineering program at Stanford sometime around the end of February 1964.

During the time he attended Ottawa University, Colorado State University, and Stanford University he lived at the respective schools. He returned to his father's home in Colorado Springs during vacation periods and in the summers. When he was home from college he worked for B. H. Baker, Inc.

Beginning in March 1964, petitioner was employed full time as an engineer by B. H. Baker, Inc. To be employed by the corporation it was required that the person have a civil engineering degree and preferably some experience in construction work. His duties as an engineer included estimating, procurement of services and materials, project safety inspection, labor relations, project scheduling, and coordination, drafting contracts and purchase orders, administration, expediting, and general construction engineering. He performed his duties adequately.

Petitioner thought a legal education would aid him in his future work with the construction company. Therefore, in the summer of 1964, with his father's encouragement and consent, petitioner applied for admission to the University of Denver Law School. In doing so, he advised the interviewer for the law school that his interest in the legal profession arose out of his work in the construction business and his engineering studies. He entered the University of Denver Law School in September 1964 as a full-time student. He left his father's home in Colorado Springs and rented an apartment for about $145 per month at the Fiesta Apartments in Denver. He lived in the apartment during the week since he attended law classes from Monday through Friday. On most weekends and during vacation periods he returned to Colorado Springs to do work for the construction company. He also did some work in connection with a job the company was handling in Denver. He was retained on the corporation payroll as a full-time employee while attending law school. In 1964 he received wages of $7,275 and in 1965 approximately $5,242.

Except for the summer of 1965, petitioner attended the University of Denver Law School continuously until he graduated on March 17, 1967, with a juris doctor degree. He was admitted to the Colorado bar in April 1967. All along, he intended to return to and work for the corporation full time when he completed law school. While attending law school, he endeavored to take as many law courses as possible which related in some way to the construction business. He expected that his legal education would better equip him to perform his future work with the company. He has not engaged in the practice of law and has never represented the corporation as an attorney. However, because of his legal education he has been able to confer better with outside counsel.

After graduation from law school, petitioner returned to work full time for the corporation and was immediately elected its vice presi-

dent with a substantial salary increase. Many of his duties remained the same, but he also did some legal work, viz, drafting a new subcontract agreement and a new purchase-order agreement; serving in an advisory capacity to outside counsel; and representing the company in contract negotiations.

B. H. Baker, Inc., did not require any of its engineers or employees to attend law school or any other school on a regular basis. Some employees attend night courses which do not interfere with their regular work. Except for petitioner, the employees of the company who attend school on a regular basis are not paid a full salary.

In his notice of deficiency respondent disallowed the claimed deduction of $1,606.11 for legal education expenses.

#### ULTIMATE FINDINGS

The expenditures of $1,030.50 for meals and lodging made by petitioner in 1964 while attending law school were undertaken primarily for personal purposes. They were not made primarily to improve or maintain skills required by petitioner in his employment or other trade or business.

#### OPINION

Petitioner's expenses for meals and lodging while attending law school in Denver are deductible under section 162(a), I.R.C. 1954, if they constitute ordinary and necessary business expenses. Petitioner has elected to rely on section 1.162–5, Income Tax Regs., adopted in T.D. 6291, 1958–1 C.B. 63, and in effect prior to amendment by T.D. 6918, 1967–1 C.B. 36. See Rev. Rul. 68–191, 1968–1 C.B. 67. Section 1.162–5 then provided, in pertinent part, as follows:

(a) Expenditures made by a taxpayer for his education are deductible if they are for education (including research activities) undertaken primarily for the purpose of:

(1) Maintaining or improving skills required by the taxpayer in his employment or other trade or business, or

(2) Meeting the express requirements of a taxpayer's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the taxpayer of his salary, status or employment.

Whether or not education is of the type referred to in subparagraph (1) of this paragraph shall be determined upon the basis of all the facts of each case. If it is customary for other established members of the taxpayer's trade or business to undertake such education, the taxpayer will ordinarily be considered to have undertaken this education for the purpose described in subparagraph (1) of this paragraph. * * *

(b) Expenditures made by a taxpayer for his education are not deductible if they are for education undertaken primarily for the purpose of obtaining a new position or substantial advancement in position, or primarily for the purpose of fulfilling the general educational aspirations or other personal purposes of the taxpayer. The fact that the education undertaken meets express requirements for

the new position or substantial advancement in position will be an important factor indicating that the education is undertaken primarily for the purpose of obtaining such position or advancement, unless such education is required as a condition to the retention by the taxpayer of his present employment. In any event, if education is required of the taxpayer in order to meet the minimum requirements for qualification or establishment in his intended trade or business or specialty therein, the expense of such education is personal in nature and therefore is not deductible.

Petitioner contends that the facts herein show that his expenditures in 1964 for a legal education were undertaken primarily for the purpose of maintaining or improving his skills required by his employment in the construction business. Respondent, on the other hand, contends that petitioner's legal education was undertaken for personal reasons. He argues, alternatively, that it was done primarily to fulfill petitioner's "general educational aspirations" or to obtain a "substantial advancement in position."

Whether expenditures are for education undertaken primarily for the purpose of "maintaining or improving skills" required by the taxpayer in his employment must be determined from all the facts and circumstances involved. Sec. 1.162–5(a), Income Tax Regs.; see also *Welsh* v. *United States*, 329 F. 2d 145 (C.A. 6, 1964); and *Condit* v. *Commissioner*, 329 F. 2d 153 (C.A. 6, 1964), affirming a Memorandum Opinion of this Court. Because the question is essentially factual, previously decided cases are of little precedential value. Suffice it to say that, after reading and considering the cases cited by petitioner, we find each one sufficiently distinguishable on its facts so that none controls the instant case.

We think this record does not support a finding that the petitioner incurred legal education expenses for the primary purpose of maintaining or improving skills required by him in his employment as an engineer with the construction company.[1] In our view it is much more reasonable to infer from this record that the petitioner undertook his legal education primarily for personal reasons.

First, for all practical purposes, there was an uninterrupted continuity of petitioner's education from the time he entered college in 1958 until he graduated from law school in March 1967. It is true that for the 6 months from March to September 1964 the petitioner worked full time as an engineer for his father's construction company and lived in his home in Colorado Springs. But petitioner took steps to enter the University of Denver Law School at apparently the earliest possible date, i.e., September 1964. Since there was no appreciable

---

[1] The testimony of petitioner and his father, B. H. Baker, has been carefully read and considered. We do not question the credibility of their testimony. We simply do not find it persuasive or convincing when viewed through the illuminating skylight of all the surrounding circumstances, their actions and other undisputed, objective facts. We have looked beyond petitioner's declaration of subjective intent in determining primary purpose.

break in his formal education, we believe the totality of the facts reveals a continuing pattern of a person who was simply fulfilling his "general educational aspirations or other personal purposes." Sec. 1.162–5(b), Income Tax Regs. And no doubt petitioner's father would have continued to "employ" him and carry him on the company payroll regardless of what the petitioner did or where he wanted to go to law school. Therefore, the expense of such education was of the very type mentioned in the regulations as constituting an expenditure personal in nature and nondeductible under section 262.

Second, it is obvious that the services performed by petitioner for B. H. Baker, Inc., were done on a part-time, almost token, basis because during the period from September 1964 until March 17, 1967, he was attending law school full time, 5 days a week, and was living in Denver, some 65 miles from Colorado Springs. Yet when he returned to the company in March 1967 with his law degree he was given a "substantial advancement in position," i.e., vice president of the company with a sizable increase in salary. See sec. 1.162–5(b), Income Tax Regs.; *Sandt* v. *Commissioner*, 303 F. 2d 111 (C.A. 3, 1962), affirming a Memorandum Opinion of this Court; *Condit* v. *Commissioner*, *supra;* and *Joseph T. Booth III*, 35 T.C. 1144 (1961).

Accordingly, we hold there is no basis for sustaining petitioner's claim that his legal education expenditures are deductible as ordinary and necessary business expenses incurred in carrying on his trade or business. They were nondeductible personal expenses.

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

DRENNEN, *J.*, concurring: I agree with the majority that the expenses here involved, incurred by petitioner while a full-time day student seeking a law degree, were expenses incurred in fulfilling petitioner's "general educational aspirations" and were personal in nature and nondeductible under section 262. I also agree with that part of Judge Tannenwald's concurring opinion wherein he questions whether these expenses can be considered deductible as "expenses of travel, meals, and lodging *while away from home*" (emphasis added). See secs. 62 and 162. If these expenses were to be considered an ordinary and necessary expense of petitioner as an employee of a construction firm, I think his business or tax home was in Denver; or if petitioner is considered to have been engaged in two businesses, his tax home was also Denver while he was in law school.

I would add one further reason for disallowing the deduction. In my opinion a substantially closer relationship with one's employment than that shown by petitioner is necessary to qualify legal education expenses as deductible under section 162(a). *James A. Carroll*, 51

T.C. 213 (1968). Admittedly, a legal education might be "helpful" in an unlimited number of businesses. Law is a field so pervasive as to be helpful to some extent in virtually every type of employment. But this does not mean that everyone who is employed is entitled to deduct the expenses of acquiring a legal education. I do not question that petitioner's legal education, particularly some of the courses he took, proved useful and beneficial to him when he returned to full-time work with the construction company. However, the legal knowledge he obtained apparently qualified him for a substantial advancement in position with the company and also, when coupled with the law degree he obtained and his later admission to the bar, qualified him for an entirely new occupation if he wants to pursue it.

SIMPSON and FEATHERSTON, *JJ.*, agree with this concurring opinion.

TANNENWALD, *J.*, concurring: Ostensibly there was a nexus between the courses petitioner took and the *type of work* involved herein. And concededly, petitioner's purpose, in terms of his subjective intent, was to "improve his skills" in the work he was doing. But the fact is that at all times, prior to and during the taxable year involved, petitioner was primarily a student and not a worker. He had spent, and continued to spend through and beyond 1964, the great bulk of his time studying, working only spasmodically during weekends and vacations. Under these circumstances, and taking into account petitioner's youth and the fact that a family business was involved, petitioner's work pattern provides a far too tenuous foundation to justify the conclusion that his expenditures were "ordinary and necessary" under section 162 and therefore not personal under section 262.

Nor does the fact that petitioner was employed full time from March to September 1964 militate against this conclusion. Such employment was but a temporary stopgap to fill a hiatus in his career as a student. To say that this employment established a working career sufficient to support a finding that he took a sabbatical to go to law school to "improve his skills" in furtherance of such a career is to indulge in sheer fantasy. The most that can be said is that petitioner's legal education was undertaken to prepare him for a future career in the business world. It is well established that the expenses of such preparation are not deductible. See, e.g., *Nathaniel A. Denman*, 48 T.C. 439, 445 (1967).

Petitioner's purpose may indeed have been to improve his skills, but they were the skills employed in part-time work, wholly incidental to his role as a student and not related to any role as an established worker collaterally seeking to improve his capacity concurrently or successively to carry on his employment. Thus, I would deny the deduction herein on the basis that, irrespective of nexus or his

avowed purpose, petitioner simply had not achieved a work status sufficient to bring those elements of the "improvement of skills" test into play. Under this rationale, there is no need to cope with the difficulties inherent in determining the proper standards against which those elements are to be measured, and particularly the troublesome problem of substituting our collective judgment for that of the trier of the facts with respect to a taxpayer's subjective intent. Cf. *James A. Carroll*, 51 T.C. 213 (1968); *Ramon M. Greenberg*, 45 T.C. 480 (1966) (especially the dissenting opinions therein), revd. 367 F. 2d 663 (C.A. 1, 1966).

I also note that there is a serious question as to whether the expenses involved herein would in any event be deductible. Those expenses are limited to the cost of meals and lodging in Denver as a reduction of "gross income" under section 62.[1] That section permits reduction for "expenses of travel, meals, and lodging while *away from home*." (Emphasis added.) As the findings of fact show, petitioner maintained an apartment in Denver. He lived there during the week while he attended classes, returning to Colorado Springs only on weekends. It seems to me that even if petitioner is considered to have been engaged in two businesses and therefore to have had two "homes" for tax purposes, one in Denver while he was going to law school and one in Colorado Springs while he worked on weekends and during vacations, it can be argued that his principal "home" was Denver. E.g., *Commissioner* v. *Stidger*, 386 U.S. 287 (1967); *Commissioner* v. *Flowers*, 326 U.S. 465 (1946); *Nathaniel A. Denman, supra*.

FEATHERSTON and IRWIN, *JJ.*, agree with this concurring opinion.

---

MURDOCK, *J.*, dissenting: This case was tried before me. I alone saw and heard the witnesses. The Commissioner called no witness and it was clear from the testimony of the petitioner and his father, the only witnesses, that the petitioner had always intended to work with his father in the B. H. Baker, Inc., construction company; the father suggested in the latter part of 1964 that the petitioner go to law school to improve the skills with which the petitioner was then serving the corporation; the petitioner then considered such action and decided to follow his father's suggestion, solely for the purpose of improving his skills in handling the work he was already doing for the corporation and with the intention not to engage in the practice of law; and, when he completed his law studies, his duties with the corporation were substantially the same as they had been before he began the study of law, which merely helped him to perform some of those duties

---

[1] Petitioner took the standard deduction under sec. 141 and conceded that this precluded his claimed itemized deductions for automobile expense, tuition, and books and supplies under sec. 162.

better. He never engaged in the practice of law. I held, following the evidence and five indistinguishable prior decisions of this Court, that the petitioner was entitled to the deduction he claimed.

The majority, in order to decide against him, has made findings of fact and stated conclusions which are not justified by the evidence and are contrary to the testimony and my findings of fact. It fails to distinguish any of the cases cited by me.[1] The petitioner's study of law was not a part of any "general educational aspirations" of the petitioner. His testimony clearly shows those studies were closely associated with his current services to the corporation and were undertaken solely to help him continue to perform such services for the corporation.

The headnote on the majority opinion indicates that the decision is against the petitioner because his study of law was undertaken "for personal purposes." How could any individual's education be for any other purpose? Naturally he was trying to educate himself rather than any other person but his purpose was within the law allowing a deduction.

---

[1] *Frank Kilgannon,* T. C. Memo. 1965–118 ; *Milton L. Schultz,* T. C. Memo. 1964–227 ; *Donald P. Frazee,* T.C. Memo. 1963–217 ; *Richard M. Baum,* T.C. Memo. 1964–37 ; *Walter T. Charlton,* T.C. Memo. 1964–59.