G. Stanley Betz and Evelyn D. Betz v. Commissioner.
Betz v. Commissioner
Docket No. 1714-70 SC.
United States Tax Court
T.C. Memo 1971-29; 1971 Tax Ct. Memo LEXIS 303; 30 T.C.M. (CCH) 119; T.C.M. (RIA) 71029; February 10, 1971, Filed G. Stanley Betz, pro se, 203 B Ave., Newhall, Iowa. Robert J. Murray, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined a deficiency of $130.24 in the income tax of petitioners for the taxable year 1967. The sole issue presented is whether petitioners are entitled to a deduction for a portion of educational expenses incurred in pursuing a course of study at Central Technical Institu leading to an "Associate's Science Degree in Electronic Engineering Technology." Findings of Fact Some of the facts have been stipulated. *304 The stipulation of facts, together with exhibits attached thereto, is incorporated herein by this reference. Petitioners, G. Stanley and Evelyn D. Betz, husband and wife, were residents of Newhall, Iowa, at the time of their filing of a petition in this case. Evelyn D. Betz is a party to this action solely by reason of her having filed a joint return with her husband for the taxable year 1967. Accordingly, G. Stanley Betz will hereinafter be referred to as petitioner. For the year 1967 petitioner filed a joint Federal income tax return with the district director of internal revenue, Des Moines, Iowa. Petitioner has held an "Associate's Science Degree in Electronic Engineering Technology" since July 21, 1967. Petitioner's earliest employment in the field of servicing electronic equipment dates back to the year 1964, at which time he was employed by Klinginsmith Radio and Television Sales and Service, a local television and radio store in his hometown of Trenton, Missouri. Such employment was undertaken by petitioner during his junior year of high school as part of a cooperative education course for which petitioner obtained academic credit toward his high school diploma. During *305 the first year of his Klinginsmith employment, petitioner's duties were of a nontechnical nature, such as maintaining the premises and making deliveries, since he lacked the necessary skills to engage in any technical activity. However, in his senior year, having received some instruction in electronics at high school during the previous year, petitioner's responsibilities were broadened to include minor servicing functions such as checking tubes, installing antennas and testing voltage. In addition he continued to perform such nonelectrical work as maintaining the books of his employer and attending to customers. During the period of employment at Klinginsmith, 120 petitioner was supervised directly by the store's proprietor, Mr. Klinginsmith an experienced television mechanic. Petitioner was not capable of diagnosing the cause of failure with respect to instruments brought in for repair. Therefore, Mr. Klinginsmith generally examined the instrument and in the simpler cases instructed petitioner as to the specific method of repair. The greater part of petitioner's duties consisted of work performed on the employer's premises rather than outside service calls. Petitioner's remuneration *306 varied from 50 cents per hour at the start of his Klinginsmith employment to $1.40 per hour toward the end of such employment. In May 1965 petitioner was graduated from high school and simultaneously concluded his employment with Klinginsmith. The following month, on June 28, 1965, petitioner commenced a course of study leading to an "Associate's Science Degree in Electronic Engineering Technology" at the Central Technical Institute (hereinafter referred to as CTI), a trade school located in Kansas City, Missouri. He pursued this program without interruption until July 21, 1967, at which time he was graduated from CTI and received his aspired degree. Concurrently with his full-time attendance at CTI, petitioner undertook employment with a variety of successive employers. His first such employment at the Graham Furniture Store, which among other things, sold and serviced television sets, lasted only a few weeks. Thereafter, petitioner secured a position with Bernstein and Appleby, a dealer in electronic equipment. In his application for this employment petitioner specified a desire for a technical position, but accepted employment in another capacity when advised that no such position *307 was then available and upon the assurance that he would be reassigned to one at first opportunity. Petitioner resigned from Bernstein and Appleby after working eight months in the stock bins, when his employer failed to transfer him to any of several technical positions which had become available. Petitioner was next employed by Videon Television, doing minor television repair work both on and off the business premises. This employment was followed one month later by a position at the Aladdin Hotel where he remained until the completion of his studies at CTI. His duties at Aladdin involved the servicing of the some 300 radio and television sets owned by the hotel. Petitioner generally devoted evenings and nights to this employment, the total hours of work ranging between 35 and 40 per week. After his graduation from CTI, petitioner secured a position as a laboratory technician at Collins Radio Company in Cedar Rapids, Iowa. His starting salary in this employment was $3 per hour. The first 19 months of petitioner's study at CTI emphasized general principles of electronic technology. The final six months dealt primarily with color television and solid state circuitry. The entire *308 course of study at CTI was available to both experienced technicians and persons having no experience in this field, alike, and in fact was attended predominately by those falling into the latter category, most of whom proceeded directly from high school to trade school, as did petitioner. Of 65 persons in the starting class of petitioner at CTI, only 12 pursued the course of study to completion and received degrees. The course of study was designed to permit students to drop out at various points in the program without forfeiting the benefit of the portion already completed. Thus, a student departing from the program prior to the study of color television would have received proper educational background for servicing black and white television sets. Petitioner's aspirations upon commencing studies at CTI were to complete the full program offered and be awarded a degree. Petitioner is aware of no law in the State of Kansas prescribing required standards of education or experience for television repairmen. Nor is he aware of any specification of a minimum level of experience or education by the applicable trade union. The training of nost electrical technicians, according to petitioner, *309 is received through experience rather than by formal trade school education. On his Federal income tax return for the year 1967, petitioner deducted expenses of $596 and $155 for tuition and mileage, respectively, in connection with the final six months of study at CTI. Respondent disallowed such deductions on the ground that "[petitioner has] not established that any amount represents an ordinary and necessary business expense or was expended for the purpose designated." Opinion The sole issue presented is whether petitioner's educational expenses attributable to 121 the final six months of his vocational training are deductible under section 162(a). [1] This section provides a deduction for all "ordinary and necessary" business expenses. As the quoted phrase implies, to qualify as a deduction under section 162, expenses must be directly related or connected to the trade or business of the taxpayer. Sec. 1.162-1(a), Income Tax Regs. Personal expenses, lacking the requisite degree of proximity, are not deductible under this section. Moreover, personal expenses are explicitly disallowed as a deduction by the provisions of section 262. [2]
*310 Whether educational expenses qualify as a deduction under section 162 depends upon the circumstances of each case. Where a direct relationship between the expenditures and the trade or business of the taxpayer can be demonstrated, educational expenses are deductible. Cosimo A. Carlucci, 37 T.C. 695 (1962). On the other hand, if the business connection is too tenuous to support a business expense deduction, or if the expenses are considered inherently personal due to the presence of overriding personal considerations, a deduction must be disallowed. Arthur M. Jungreis, 55 T.C. - (12/24/70). Since an educational undertaking may involve a combination of business and personal motives, a determination as to the proper characterization of educational expenses, involving the joint application of sections 162 and 262, frequently becomes necessary. Section 1.162-5, Income Tax Regs., [3] implementing the requirements of section 162 to the specific category of educational expenses, is designed to "distinguish between those educational expenses which are 'ordinary and necessary' expenses of a trade or business and those which are personal and capital expenditures." Arthur M. Jungreis, *311 supra. *312 Under the regulations, educational expenses are deductible, in general, if the education maintains or improves the skills required by the individual in his employment. Such a requirement assures the existence of the necessary relationship between the educational expenditure and the taxpayer's business. However, given the presence of the required proximity, no deduction for educational expenses is provided unless such expenses also do not fall within the class of inherently personal educational expenses described in paragraph (b). The nondeductible categories specified in paragraph (b) are: (1) expenditures made by an individual for education which is required of him in order to meet the minimum educational requirements for qualification in his employment or other trade or business and (2) expenditures for education which is a part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. In our opinion, the facts of the instant case fall within the category of nondeductible educational expenditures last described. Petitioner concedes that at the start of his educational program in 1965 he was not established or qualified in his chosen *313 profession. However, he alleges that at some time prior to the final six months of study at CTI he became qualified as a repairman 122 of black and white television sets. Thus, he reasons that the final six months of his course of study in which the emphasis was placed upon color television and solid state circuitry, merely maintained or improved his existing vocational skills. We do not question the honesty or sincerity of petitioner's testimony. However, as already stated, the mere fact that the education may have been helpful in maintaining the skills of his existing employment does not alone support a deduction under the regulations. In the present case the overwhelmingly personal character of the educational expenses must preclude their deduction as business expenses. It is clear that petitioner's educational program at CTI was undertaken in order to prepare petitioner for his chosen vocation. We have no doubt, based upon the evidence in the record, that petitioner would have pursued the identical educational course had he not been simultaneously employed. It was unquestionably the coveted degree, rather than improvement of employment skills which provided the impetus for *314 petitioner's initial enrollment in CTI. Petitioner has conceded that he was not a qualified technician at the time he entered CTI in June 1965 and further that his ambition in pursuing the program included obtaining a degree. Assuming petitioner did in fact qualify and work as a mechanic of black and white televsions prior to commencing his final six months of study dealing with color televisions and solid state circuitry, such education, as part of a complete program of study leading to a degree, was an integral component of the general educational background necessary to his qualification as a technician of much broader scope. As such this portion was inseverable from his earlier study which allegedly qualified petitioner as a repairman of black and white televisions. Under such circumstances, notwithstanding any benefit to petitioner's existing employment, his complete education, including the final portion thereof, falls within the nondeductible category of educational expenses noted above. Cf. N. Kent Baker, 51 T.C. 243 (1968). Even more basic to the disallowance in the present case is the absence of any employment which can provide a foundation for the deduction. *315 The employment upon which petitioner relies simply did not achieve a degree of independence from his general educational aspirations necessary to justify deduction of the educational costs as business expenses. His advances in the periodic successive employments in which he engaged while attending vocational school merely followed his gradual educational progress. In short, petitioner's employment was undertaken to permit him to pursue his education, rather than the reverse. Particular significance is attached to the fact that petitioner's employment was in a state of constant flux pending his graduation from CTI, at which time he expected to secure a permanent position in his chosen field. We note that petitioner did, in fact, obtain new employment at a substantially higher salary upon graduating from CTI. Such employment he described at trial as that of a laboratory technician, a position which appears quite different from those positions previously held by him. Under such circumstances, the employment to which petitioner's claimed educational expenses were allegedly related was definitely too tenuous to support a business expense deduction. Instead, the educational expenses can *316 only be classified as personal expenses incurred in qualifying petitioner for a new trade or business. The regulations covering the deductibility of educational expenses currently in force were enacted in 1958 and revised in 1967. Pursuant to Rev. Rul. 68-191, 1968-1 C.B. 67, with respect to taxable years beginning before January 1, 1968, taxpayers may rely on either the old or the new regulations. Ronald F. Weiszmann, 52 T.C. 1106, 1108 (1969), on appeal (C.A. 9, Apr. 8, 1970). We have already considered the 1967 regulations and have reached the conclusion that petitioner is not entitled to a deduction thereunder. Nor do we think petitioner fares any better under the old regulations. The essential difference between the old and new regulations is that the earlier set is founded upon a subjective test - disallowing a deduction for expenses of education the primary purpose of which was to obtain a new or substantially advanced position or to fulfill the taxpayer's general educational aspirations [4] - whereas 123 the later regulations provide the fundamentally objective criteria for determining the deductibility of educational expenses set forth above. *317 Applying the primary purpose test to the facts of the instant case, no deduction for educational expense is allowable since, as already stated, petitioner's primary objectives in pursuing the education were both to obtain a new position and to fulfill his general educational aspirations. Accordingly, we sustain respondent's determination. Decision will be entered for the respondent. Footnotes
1. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * * ↩
2. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩
3. Sec. 1.162-5 Expenses for Education. - (a) General rule. - Expenditures made by an individual for education (including research undertaken as part of his educational program) which are not expenditures of a type described in paragraph (b) (2) or (3) of this section are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education - (1) Maintains or improves skills required by the individual in his employment or other trade or business, or (b) Nondeductible educational expenditures. - (1) In general. - Educational expenditures described in subparagraphs (2) and (3) of this paragraph are personal expenditures or constitute an inseparable aggregate of personal and capital expenditures and, therefore, are not deductible as ordinary and necessary business expenses even though the education may maintain or improve skills required by the individual in his employment or other trade or business or may meet the express requirements of the individual's employer or of applicable law or regulations. (2) Minimum educational requirements. - (i) The first category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is required of him in order to meet the minimum educational requirements for qualification in his employment or other trade or business. * * * (3) Qualification for new trade or business. - (i) The second category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. * * *↩
4. Sec. 1.162-5 Expenses for Education. (b) Expenditures made by a taxpayer for his education are not deductible if they are for education undertaken primarily for the purpose of obtaining a new position or substantial advancement in position, or primarily for the purpose of fulfilling the general educational aspirations or other personal purposes of the taxpayer. * * *↩