LEATRICE GERMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
German v. Commissioner
Docket No. 7077-84.
United States Tax Court
T.C. Memo 1986-370; 1986 Tax Ct. Memo LEXIS 243; 52 T.C.M. (CCH) 170; T.C.M. (RIA) 86370; August 11, 1986. *243 Petitioner, a guidance counselor, participated in a fashion study course that involved traveling to Israel, Egypt and Spain. Petitioner claimed a deduction for the expenses she incurred from participating in the course, which respondent disallowed. Held, petitioner is not entitled to a deduction for these expenses because she failed to establish that such expenses were incurred to maintain or improve her skills as a guidance counselor. Carl Noah German, for the petitioner. Maureen C. Kopko and H. Karl Zeswitz, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Chief Judge: By notice of deficiency dated December 20, 1983, respondent determined a deficiency in petitioner's Federal income tax for the taxable year ended December 31, 1980 in the amount of $910.44. After concessions, the sole issue before us is whether petitioner is entitled to deduct certain expenditures as educational expenses under section 162(a). [1]
FINDINGS OF FACT Some of the facts have *244 been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. Petitioner, Leatrice German, resided in Wynnewood, Pennsylvania when the petition was filed in this case. Petitioner timely filed her Federal income tax return for the taxable year 1980 with the Internal Revenue Service Center in Philadelphia, Pennsylvania. During 1980, petitioner was employed as a guidance counselor by the Philadelphia School District. As a counselor, petitioner's job responsibilities included providing counseling and guidance services for students with respect to personal, social, educational and career development matters. While on summer break from her employment, petitioner participated in a 3-week fashion study course that involved traveling to Israel, Egypt and Spain. Petitioner did not receive any credit for her participation in this course, which was offered by Temple University. In deciding whether to take this course, petitioner did not examine any syllabus, itinerary or curriculum that described the course. Petitioner also did not keep a diary or journal of her activities while in Israel, Egypt and Spain. *245 Petitioner's employer did not require her to take this course, and she was not reimbursed for her expenses. On her Federal income tax return filed for the taxable year 1980, petitioner deducted $1,502 for expenses incurred in taking this fashion study course. In his notice of deficiency, respondent disallowed this claimed deduction. Respondent's disallowance was based on his determination that the expenses were not incurred to maintain or improve skills required in her employment but rather were incurred for personal reasons. OPINION We must determine whether the expenses petitioner incurred from her participation in the fashion study course are deductible under section 162(a). Section 162(a) allows a taxpayer a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Section 262 expressly disallows a deduction for "personal, living, or family expenses," and section 1.262-1(b)(9), Income Tax Regs., provides that "Expenditures made by a taxpayer in obtaining an education or in furthering his education are not deductible unless they qualify under section 162 and § 1.162-5 * * *." Section 1.162-5, Income Tax Regs., *246 sets forth objective criteria for distinguishing between those expenses which are business expenses and those which are personal expenditures. This regulation, with certain exceptions not relevant here, [2] provides that educational expenses are deductible as ordinary and necessary business expenses if the education (1) maintains or improves skills required by the individual in his employment or other trade or business, or (2) meets the express requirements of the individual's employer. Sec. 1.162-5(a), Income Tax Regs.[3] *247 Whether education maintains or improves skills required by the taxpayer's employment is a question of fact. Baker v. Commissioner,51 T.C. 243, 247 (1968). The burden of proof is on the taxpayer. Welch v. Helvering,290 U.S. 111 (1933); Boser v. Commissioner,77 T.C. 1124, 1131 (1981); Rule 142(a). In order to meet such burden, petitioner must demonstrate that there was a direct and proximate relationship with respect to the fashion study course and the skills required in her employment as a guidance counselor. Kornhauser v. United States,276 U.S. 145, 153 (1928); Takahashi v. Commissioner, 87 T.C.     (July 21, 1986); Boser v. Commissioner,supra at 1131. The record clearly shows that the travel undertaken pursuant to the course offered by Temple University was *248 not required by her employer. Therefore, in order for these expenses to be deductible, petitioner must establish that the expenditures were made for education which maintained or improved the skills required in her employment as a guidance counselor. This petitioner has failed to do. There is nothing in the record that shows that petitioner's skills as a guidance counselor were maintained or improved by virtue of her travel pursuant to the fashion study course. The fact that petitioner signed up for the course without first examining a syllabus, itinerary or curriculum that described the course suggests to us that her travels were undertaken for personal, not business, purposes. Had petitioner truly intended to obtain information or experiences useful in her job, she would have done some advance investigation and planning to assure that her participation in the fashion study course would maintain or improve her skills as a guidance counselor. Petitioner testified that her skills as a guidance counselor were enhanced by traveling to Israel, Egypt and Spain because she was in a better position to present a picture of the outside world. She introduced no evidence, however, to demonstrate *249 that she used any materials obtained or knowledge gained from such travel in counseling the students. Petitioner also testified that she visited a few colleges and vocational schools and attended lectures given by professors at the University of Israel. With respect to the lectures petitioner allegedly attended, we note that she could not remember the names of the lecturers or the specific nature of the lecture topics. This does not surprise us given the fact that petitioner did not keep a diary or journal of her activities while in Israel, Egypt and Spain. We find that petitioner has fallen way short of establishing that her participation in the fashion study course maintained or improved her skills as a guidance counselor. While traveling is broadening, culturally enriching, and may add to one's sensitivity to, and understanding of, others, [4] *250 there simply was no showing that the travel undertaken pursuant to the fashion study course bore a direct and proximate relationship to petitioner's activities as a guidance counselor to convert what normally is a personal expense into a business expense. [5] To reflect the parties' concessions and the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Such exceptions are for expenditures for education required for an individual to meet the minimum educational requirements of his employment or other trade or business or education which qualifies the individual for a new trade or business. Sec. 1.162-5(b)(2) and (3), Income Tax Regs.↩ Respondent does not argue that petitioner's expenses come within such exceptions. 3. See also sec. 1.162-5(d), Income Tax Regs., which provides, in part, as follows: (d) Travel as a form of education. * * * [E]xpenditures for travel * * * as a form of education are deductible only to the extent such expenditures are attributable to a period of travel that is directly related to the duties of the individual in his employment or other trade or business. For this purpose, a period of travel shall be considered directly related to the duties of an individual in his employment or other trade or business only if the major portion of the activities during such period is of a nature which directly maintains or improves skills required by the individual in such employment or other trade or business. * * *
4. Baker v. Commissioner,T.C. Memo. 1973-206. 5. Having found that the threshold requirements of sec. 1.162-5(a), Income Tax Regs., were not met by petitioner, we need not address respondent's alternative arguments that the requirements of sec. 1.162-5(d), Income Tax Regs.↩, and the substantiation requirements of sec. 274 were not satisfied by petitioner.