T.C. Summary Opinion 2003-57


UNITED STATES TAX COURT


KEITH T. AND GERALDINE A. BOWERS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 8191-00S,              Filed May 19, 2003.
            10437-01S.


    Kevin G. Vanginderen, for petitioners.

    Karen Nicholson Sommers, for respondent.


    POWELL, Special Trial Judge:  These consolidated cases were

heard pursuant to the provisions of section 7463 of the Internal

Revenue Code in effect at the time the petitions were filed.[1]

_____

[1]    Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the years in
issue, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

The decisions to be entered are not reviewable by any other court, and this opinion should not be cited as authority.

By separate notices of deficiency respondent determined deficiencies of $21,096 and $2,898 in petitioners' 1997 and 1998 Federal income taxes, respectively. The issues are: (1) The value of a condominium sold by petitioners in the taxable year 1997 to the U.S. Army Corps of Engineers (the Corps) under the so-called Housing Assistance Program and (2) whether petitioners are entitled to various deductions claimed on their 1997 and 1998 Federal income tax returns. Petitioners resided in Paso Robles, California, at the time they filed the petitions in these cases.

We note initially that most of the disputed issues concern petitioner Geraldine A. Bowers (hereinafter petitioner). Neither she nor petitioner Keith T. Bowers appeared at the trial. This is particularly troublesome here because petitioners have the burden of establishing that respondent's determinations are erroneous. Rule 142(a); Helvering v. Taylor, 293 U.S. 507 (1935).[2] Accordingly, while the parties executed a stipulation of facts, there are, unfortunately, gaps in the record that are sometimes crucial.

---

[2] Petitioners have not satisfied the requirement to shift the burden of proof to respondent under sec. 7491(a).

## Background

1. 1997 Income

Petitioner owned a condominium in Garden Grove, California. On October 30, 1997, she sold the condominium to the Corps under the Homeowners Assistance Program (HAP). Petitioner's mortgage debt at that time was $147,150.[3] HAP is a Federal program, administered by the Corps, that aids military personnel who own residences at or near military posts or bases that are being closed or significantly reduced in size which results in a significant decline in property values and who are consequently unable to sell their residences. See 42 U.S.C. sec. 3374 (2000). Petitioner's condominium had a current fair market value of $85,000, and the Corps paid off the amount of the mortgage debt of $147,150. In short, petitioner compromised the debt by surrendering property that had a fair market value of $85,000. The fair market value was based on two appraisals.

For 1997, in addition to her regular Form W-2, Wage and Tax Statement, the Corps issued petitioner another Form W-2 showing that petitioner had received income of $62,595 reflecting the difference between the mortgage debt compromised and the fair market value of the property surrendered.[4] Petitioners disclosed

---

[3]    All figures are rounded to the nearest dollar.

[4]    The record does not explain the difference between the amount shown on the Form W-2 and the amount of the compromised
(continued...)

that amount on their 1997 income tax return, but did not include it in income. In the notice of deficiency for 1997, respondent included the $62,595 in petitioners' gross income.

2. 1997 and 1998 Miscellaneous Deductions

During 1997 and 1998, petitioner was employed as a Chief Warrant Officer with the California Army National Guard and was on active duty. On October 17, 1997, she was ordered to attend flight school at Fort Rucker, Alabama, from November 11, 1997 to March 6, 1998. She was then ordered to proceed to Clarksburg, West Virginia, for further training.

The amounts claimed by petitioners as miscellaneous deductions pertaining to petitioner's employment during 1997 and 1998 and the amounts allowed by respondent are as follows:

### 1997

|                        | Claimed | Allowed |
| ---------------------- | ------- | ------- |
| Rent                   | $300    | -0-     |
| Uniforms, etc.         | 2,542   | $2,246  |
| Books and publications | 76      | -0-     |
| Flight exams           | 282     | -0-     |
| Telephone              | 479     | -0-     |
| Educational expenses   | 3,022   | -0-     |
| Vehicle expenses       | 1,548   | -0-     |

### 1998

|                        | Claimed | Allowed |
| ---------------------- | ------- | ------- |
| Books and publications | 295     | -0-     |
| Uniforms, etc.         | 2,929   | 661     |
| Telephone              | 293     | -0-     |

---

[4](...continued)
debt. The notice of deficiency for 1997 uses the Form W-2 amount and petitioners have not disputed that amount.

| | | |
|---|---|---|
| Educational expenses | 1,010 | -0- |
| Office supplies | 90 | -0- |
| Depreciation | 1,948 | -0- |
| Vehicle expenses | 1,399 | -0- |
| Travel expenses | 270 | -0- |

During 1998, petitioner Keith T. Bowers was a construction superintendent. The amounts claimed by petitioners as miscellaneous deductions pertaining to petitioner Keith T. Bowers's employment during 1998 and the amounts allowed by respondent are as follows:

| | Claimed | Allowed |
|---|---|---|
| Uniforms | $236 | -0- |
| Union dues | 200 | -0- |
| Tools | 183 | $2,100 |

With respect to the vehicle expenses pertaining to petitioner's employment, it appears that these expenses were incurred for transportation to and from petitioner's National Guard drills. In this regard, petitioner presented a letter from the adjutant of her guard unit stating that petitioner was not entitled to reimbursement from the National Guard for "drill mileage". Petitioner's orders to go to Fort Rucker, Alabama, and to proceed then to Clarksburg, West Virginia, provided that she was entitled to reimbursement for her travel expenses, and there is no evidence of other expenses pertaining to travel.

Regarding the educational expenses, it appears that these expenses were incurred by petitioner in 1997 and 1998 obtaining a Bachelor of Arts Degree in History from the California State

University at Long Beach.  In a letter to petitioner's counsel, petitioner's former unit commander stated that "Continued civilian education in the military is necessary for an officer to retain their current position, improve their skills, and maintain longevity in the military."

The record is devoid of evidence concerning the adjustments made to the miscellaneous deductions claimed with regard to petitioner Keith T. Bowers.

3.  <u>1997 Rental Expense</u>

In 1997, petitioner owned a trailer pad in Stapleton, Alabama.  On their 1997 income tax return, petitioners deducted $908 for auto and travel expenses.  Respondent disallowed the deduction.  Petitioners introduced into evidence a copy of an airline ticket receipt for $582.72 reflecting travel from California to Dothan, Alabama.  The record, otherwise, is devoid of evidence concerning this deduction.

4.  <u>1998 Interest Income</u>

Respondent determined that petitioners received interest income of $340 that was not reported on petitioners' 1998 income tax return.  The parties stipulated that Forms 1099-INT, Interest Income, were issued by various financial institutions in this amount, and petitioners offered no evidence as to the reason the $340 should not be included in income.

5. <u>1998 Charitable Contribution Deduction</u>

Petitioners claimed a charitable contribution deduction of $3,664. Respondent disallowed $3,144 of the claimed deduction. Respondent concedes that petitioners are entitled to an additional deduction in the amount of $250. There is no evidence that supports any additional deduction.

6. <u>1998 Tax Return Preparation and Legal Fees</u>

Petitioners claimed a miscellaneous deduction of $864 for a tax return preparation expense. Respondent disallowed $150 of the amount claimed. There is no evidence that supports any additional deduction.

Petitioners claimed a deduction of $500 for legal fees. Respondent disallowed the deduction. There is correspondence in the record between John R. McCabe, an attorney representing petitioner, and the Corps concerning the value of the property purchased by the Corps discussed above.

Discussion

1. <u>1997 Income</u>

Petitioners do not dispute that there was income resulting from the exchange of the house and property for the discharge of the mortgage indebtedness. See sec. 61(a)(12). They question, however, the determination by the Corps that the fair market value of the property was $85,000 at the time of the transfer. Respondent adopted the determination of the Corps. The

determination of value is based on two appraisals by qualified real estate appraisers--one for $85,000 and the other for $84,000. Petitioners have offered no evidence that these appraisals do not reflect the fair market value of the property, and we sustain respondent's determination.

## 2. 1997 and 1988 Miscellaneous Deductions

Petitioners contest the disallowance of only two of the purported deductions--vehicle and educational expenses. With regard to the vehicle expenses, these expenses, as we understand, arise from transportation to and from petitioner's National Guard drills, and, as such, are expenses incurred for commuting to and from work. Such expenses are not deductible. See Commissioner v. Flowers, 326 U.S. 465 (1946).

With regard to the deductions for educational expenses, generally, expenses of obtaining an undergraduate degree are considered personal expenses and, as such, are not deductible. Sec. 262; see Baker v. Commissioner, 51 T.C. 243, 248 (1968). The regulations, however, provide that the expenses are deductible if the education "Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation." Sec. 1.162-5(a)(2), Income Tax Regs.

Petitioner contends that she meets these requirements based on the statement of her former unit commander in a letter that stated "Continued civilian education in the military is necessary for an officer to retain their current position, improve their skills, and maintain longevity in the military."  Putting aside the hearsay problems, we do not find that statement persuasive. Petitioner does not refer to any "applicable law or regulations" that required her to obtain a college degree as required by the regulations, and we know of no such requirement.  Rather, it appears that the National Guard, as do all military organizations, strongly support and encourage education for its soldiers.  This, however, does not comply with the requirements of the Department of Treasury regulations.  See Baker v. Commissioner, T.C. Memo. 1971-278; Kinch v. Commissioner, T.C. Memo. 1971-117.  We sustain respondent's determinations.

With respect to the remaining miscellaneous deductions claimed for both taxable years, there simply is no evidence to indicate that respondent's determinations are erroneous, and we sustain those determinations as well.

3.  1997 Rental Expense, 1998 Interest Income, 1998 Charitable Contribution Deduction, and 1998 Tax Return Preparation and Legal Fees

As noted in our statement of facts, with one exception, petitioners either have not addressed or have offered no evidence

contravening respondent's determinations as to the other adjustments in the notices of deficiency. We see no reason to reiterate each adjustment nor the reason that we sustain each adjustment.

The one exception to this concerns the legal fees deducted in 1998. It is clear that petitioner retained John R. McCabe, an attorney, to represent her with respect to the determination of the value of the property purchased by the Corps. That value had a direct impact on the amount of income that she recognized during 1997. Furthermore, from the correspondence in the record it would appear that the amount of fees deducted ($500) was reasonable for the services performed. We find, therefore, that petitioners are entitled to a deduction of $500 for legal fees under section 212(3).

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent for the taxable year 1997 at docket No. 8191-00S, and decision will be entered under Rule 155 for the taxable year 1998 at docket No. 10437-01S.