T.C. Summary Opinion 2012-1

UNITED STATES TAX COURT

ROBERT L. HAND AND TINA A. MEILLEUR, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13039-10S.                 Filed January 3, 2012.

<u>John J. Weiler</u> and <u>Christian N. Weiler</u>, for petitioners.

<u>Emile L. Hebert III</u>, for respondent.

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.[1]  Pursuant to section
7463(b), the decision to be entered is not reviewable by any

_____

    [1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for the
year in issue, and all Rule references are to the Tax Court Rules
of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioners' 2007 Federal income tax of $38,586 and an accuracy-related penalty of $7,717.[2]  After concessions by the parties, the issues for decision are:

(1) Whether petitioners are entitled to a business expense deduction under section 162(a) for expenses paid for flight lessons.  We hold that they are not; and

(2) whether petitioners are liable for the accuracy-related penalty under section 6662(a).  We hold that they are.

## Background

Some of the facts have been stipulated, and they are so found.  We incorporate by reference the parties' stipulation of facts and accompanying exhibits.

Petitioners resided in the State of Louisiana when the petition was filed.  All references to petitioner in the singular are to petitioner Robert L. Hand.

Petitioner is licensed as a financial adviser by the National Association of Securities Dealers.  He has worked in the financial industry for approximately 20 years and received a master of business administration (M.B.A.) degree in 1994.  In addition, petitioner is an associate commercial real estate

---

[2]  All dollar amounts are rounded to the nearest dollar.

broker (commercial realtor) licensed by the State of Louisiana Real Estate Commission. Petitioner Tina A. Meilleur is a certified public accountant (C.P.A.) and attends continuing education classes necessary to maintain her license. She was also a highly compensated director of a supply chain unit at Entergy Corp. in 2007.[3]

As a commercial realtor, petitioner identifies large properties to list for sale and crafts detailed marketing brochures for prospective buyers. Sometime shortly after August 2005, petitioner began chartering airplanes to find and evaluate properties from the air. Petitioner continued this practice throughout 2006 and 2007. During each flight, a licensed pilot flew the airplane while petitioner took aerial photographs of properties to include in the marketing brochures that he presented to prospective buyers.

In late 2007, petitioner began taking flight lessons so that he could obtain a private pilot's license and pilot his own plane. In December of 2007, petitioner purchased a Cessna 172S aircraft. Petitioners filed a joint Federal income tax return for 2007 and deducted the cost of the flight lessons as a business expense on their Schedule C, Profit or Loss From Business. Petitioner is unable to provide any receipts or

---

[3] Entergy Corp. is a utility company that, inter alia, delivers electricity to utility customers in Louisiana.

invoices from the original vendors for his flight lesson expenses, and petitioners have conceded that they are not entitled to deduct over $33,000 of other disallowed business expenses.

## Discussion

### A. Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.[4] Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions, in particular, are a matter of legislative grace and are narrowly construed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Consequently, the taxpayer bears the burden of proving that he or she is entitled to any deduction claimed. Interstate Transit Lines v. Commissioner, 319 U.S. 590, 593 (1943).

### B. Flight Lessons

Under section 262, no deduction is allowed for personal, living, or family expenses. Section 1.262-1(b)(9), Income Tax Regs., provides that a taxpayer's expenditures for obtaining or

---

[4] Pursuant to sec. 7491(a), the burden of proof as to factual matters may shift to the Commissioner under certain circumstances. Petitioners have neither alleged that sec. 7491(a) applies nor established their compliance with its requirements. Accordingly, petitioners bear the burden of proof. See Rule 142(a).

furthering education are not deductible unless they qualify as business expenses under both section 162 and section 1.162-5, Income Tax Regs. <u>Raines v. Commissioner</u>, T.C. Memo. 1983-125.

This Court has held that expenditures for flight training constitute education expenses subject to section 1.162-5, Income Tax Regs. <u>Lee v. Commissioner</u>, T.C. Memo. 1981-26, affd. 723 F.2d 1424 (9th Cir. 1984). Section 1.162-5(a), Income Tax Regs., provides that expenditures made by an individual for education may be deductible as business expenses if the education maintains or improves skills required by the individual's trade or business. Whether education maintains or improves skills required by a taxpayer's trade or business is a question of fact. <u>Boser v. Commissioner</u>, 77 T.C. 1124, 1131 (1981) (citing <u>Baker v. Commissioner</u>, 51 T.C. 243, 247 (1968)), affd. without published opinion (9th Cir., Dec. 22, 1983). The burden of proof is on petitioners to show that there was a direct and proximate relationship between the flight lessons petitioner received and the skills required to be a commercial realtor. See <u>id.</u> at 1131 (citing <u>Schwartz v. Commissioner</u>, 69 T.C. 877, 889 (1978), and <u>Lund v. Commissioner</u>, 46 T.C. 321, 331-332 (1966)). On the record before us, we are unable to conclude that petitioners have satisfied their burden of proof.

Petitioners contend that the cost of the flight lessons at issue is an education expense directly related to petitioner's

business as a commercial realtor.[5] We are not convinced, however, that the flight lessons petitioner received maintained or improved the skills required to be a commercial realtor. Sec. 1.162-5(a)(1), Income Tax Regs. Petitioner is skilled at finding properties and creating marketing brochures for prospective buyers. A disconnect exists, however, between these skills and the flight lessons taken by petitioner. Admittedly, evaluating properties from the air and placing aerial photographs in marketing brochures may be helpful to petitioner's business. However, in 2005, 2006, and 2007, petitioner was able to evaluate properties and acquire aerial photographs without piloting a plane. Petitioner presented no evidence to explain why flying lessons were now required in order for him to view properties or obtain aerial photographs. Although the correlation need not be precise, petitioner has failed to persuade us that a direct or proximate relationship exists between the flight lessons he received and the skills required to be a commercial realtor. Boser v. Commissioner, supra at 1131.

Petitioners not only failed to carry their burden of proof with respect to the requirements under section 1.162-5(a), Income Tax Regs.; they also failed to prove that the flight lesson expenses were ordinary and necessary as required by section

---

[5] Petitioners do not contend that the flight lessons are related to petitioner's business as a financial adviser.

162(a).  See <u>Boser v. Commissioner</u>, <u>supra</u> at 1132; <u>Raines v.</u>
<u>Commissioner</u>, <u>supra</u>.  Whether an expenditure is ordinary and
necessary is a question of fact.  <u>Commissioner v. Heininger</u>, 320
U.S. 467, 470 (1943).  In general, an expense is ordinary if it
is considered normal, usual, or customary in the context of the
particular trade or business out of which it arose, <u>Deputy v. du</u>
<u>Pont</u>, 308 U.S. 488, 495 (1940), and an expense is necessary if it
is appropriate and helpful to the operation of the taxpayer's
trade or business, <u>Commissioner v. Tellier</u>, 383 U.S. 687, 689
(1966); <u>Carbine v. Commissioner</u>, 83 T.C. 356, 363 (1984), affd.
777 F.2d 662 (11th Cir. 1985).

Petitioners provided no evidence to suggest that it was
normal, usual, or customary for commercial realtors to take
flight lessons.  Consequently, petitioners are not entitled to
deduct the flight lesson expenses under section 162(a).[6]

C.  <u>Section 6662(a) Accuracy-Related Penalty</u>

Section 6662(a) and (b)(1) imposes a penalty equal to 20
percent of the amount of any underpayment attributable to
negligence or disregard of rules or regulations.  The term
"negligence" includes any failure to make a reasonable attempt to

_____

[6]  Because we hold that petitioner's expenditures for flight
lessons were not ordinary and did not maintain or improve his
skills as a commercial realtor, we need not decide whether those
lessons qualify him for a new trade or business, thus making the
expenditures nondeductible under sec. 1.162-5(b)(3), Income Tax
Regs.

comply with tax laws, and "disregard" includes any careless, reckless, or intentional disregard of rules or regulations.  Sec. 6662(c).  Negligence also includes any failure to keep adequate books and records or to substantiate items properly.  Sec. 1.6662-3(b)(1), Income Tax Regs.

Section 6664(c)(1) provides an exception to the imposition of the accuracy-related penalty if the taxpayer establishes that there was reasonable cause for, and the taxpayer acted in good faith with respect to, the underpayment.  Sec. 1.6664-4(a), Income Tax Regs.  The determination of whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs.

With respect to a taxpayer's liability for any penalty, section 7491(c) places on the Commissioner the burden of production, thereby requiring the Commissioner to come forward with sufficient evidence indicating that it is appropriate to impose the penalty.  Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect.  See id. at 447; see also Rule 142(a); Welch v. Helvering, 290 U.S. at 115.

Respondent has proven, and has therefore discharged his burden of production under section 7491(c), that petitioners failed to keep adequate records and properly substantiate the flight lesson expenses and the amounts of disallowed business expenses petitioners ultimately conceded. See sec. 1.6662-3(b)(1), Income Tax Regs.

Petitioners have not met their burden of persuasion with respect to reasonable cause and good faith. Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of the experience, knowledge, and education of the taxpayers. Sec. 1.6664-4(b)(1), Income Tax Regs.; see Higbee v. Commissioner, supra at 449 (citing Remy v. Commissioner, T.C. Memo. 1997-72). Petitioners are sophisticated taxpayers. Petitioner Tina A. Meilleur is a highly compensated department head of Entergy Corp. and a C.P.A. who attends continuing education classes to maintain her C.P.A. license. Petitioner is a commercial realtor and a licensed financial adviser who has worked in the financial industry for over 20 years and holds an M.B.A. degree.

Petitioner testified that he did not know he needed to retain receipts or invoices for his business expenses. However, we are skeptical of this testimony, see Tokarski v. Commissioner, 87 T.C. 74, 77 (1986), and we are unable to conclude, given petitioners' experience, knowledge, and education, that this

alleged lack of knowledge is indicative of reasonable cause and good faith.

Petitioner alleges on brief that his tax preparer advised him he did not need to retain receipts and invoices to substantiate his expenses. Statements in briefs, however, do not constitute evidence. Rule 143(c); see <u>Tokarski v. Commissioner</u>, <u>supra</u> at 77. The record itself contains insufficient evidence for us to conclude that petitioner ever received such advice, and petitioner never even called his preparer as a witness. See <u>Wichita Terminal Elevator Co. v. Commissioner</u>, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947). Assuming arguendo, that petitioner received such advice, petitioner's "Reliance on * * * the advice of a professional tax advisor * * * does not necessarily demonstrate reasonable cause and good faith." Sec. 1.6664-4(b)(1), Income Tax Regs.

Thus, on the record before us, we are unable to conclude that petitioners acted with reasonable cause and in good faith within the meaning of section 6664(c)(1). Accordingly, petitioners are liable for the accuracy-related penalty under section 6662(a) on that part of the underpayment attributable to their deductions for (1) flight lessons and (2) the business expenses they conceded.

## Conclusion

We have considered all of the arguments made by petitioners, and, to the extent that we have not specifically addressed them, we conclude they are unpersuasive.

To reflect the foregoing, as well as the parties' concessions,

<u>Decision will be entered</u>

<u>under Rule 155</u>.