**WEYL v. COMMISSIONER OF INTERNAL REVENUE.**

No. 216.

Circuit Court of Appeals, Second Circuit.

April 13, 1931.

Nicholas Kelley, of New York City (Henry E. Kelley, of New York City, of counsel), for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Hayner N. Larson, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Frank M. Thompson, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

The taxpayer, in 1922, contributed $665 and in 1923 $650 to the League for Industrial Democracy. She appeals from an order of the Board of Tax Appeals which denied her these sums as deductions for educational purposes and contributions under section 214 (a) (11) (B) of the Revenue Act of 1921 (42 Stat. 227, 241). It resulted in deficiencies in her income tax of $85.80 for 1922 and $66.41 for 1923.

The statute provides, section 214 (a), Revenue Act of 1921:

"That in computing net income there shall be allowed as deductions: * * *

"(11) Contributions or gifts made within the taxable year to or for the use of * * * (B) any corporation, or community chest, fund, or foundation, organized and operated exclusively for * * * educa-

tional purposes * * * no part of the net earnings of which inures to the benefit of any private stockholder or individual;"

And the same Revenue Act, § 2 subd. (2), provides:

"The term 'corporation' includes associations, joint-stock companies, and insurance companies."

The sole question presented is whether the League for Industrial Democracy is an educational corporation within the meaning of the statute. The facts are not in dispute. The League makes researches, gives lectures, holds debates and discussions, promotes, by writing pamphlets, books, and helping to distribute them, giving information concerning economic and social problems. It is well organized, has substantial sponsors, and claims to have a definite social doctrine. It claims the best education is self-education, and considers that the best work it can do among the colleges is by voluntary groups which organize themselves in various colleges and seek the benefit of the publication of its information. The fact that its aim may or may not resemble that of a political party does not of itself remove it from the category of an association engaged in educational work.

Congress did not include a definition of the term "education" as used in the act. In the absence of specific definition, the words are to be given their usual and accepted meaning. Matter of Will of Fox, 52 N. Y. 530, 11 Am. Rep. 751. "Education" has been defined by the encyclopedia and dictionaries as "imparting or acquisition of knowledge; mental and moral training; cultivation of the mind, feelings and manners." The definition given by the Funk & Wagnalls' New Standard Dictionary, vol. 1, may be referred to:

"Education as understood today, connotes all those processes cultivated by a given society as means for the realization in the individual of the ideals of the community as a whole. It has for its aim the development of the powers of man (1) by exercising each along its particular line, (2) by properly coordinating and subordinating them (3) by taking advantage of the law of habit, and (4) by appealing to human interest and enthusiasm. It includes not only the narrow conception of instruction, to which it was formerly limited, but embraces all forms of human experience, owing to the recognition of the fact that every stimulus with its corresponding reaction has a definite effect on character. It may be either mainly esthetic, ethical, intellectual, physical or technical, but to be most satisfactory it must involve and develop all these sides of human capacity."

The literature which the League distributes covers different authors, and is of interest and information to students of political subjects and political economy. All is the subject of education.

The organization has no legislative program hovering over its activities. It is clear that, as Congress did not intend to use the word "education" in the statute in any exceptional sense, but giving it its plain, ordinary meaning, it is applicable to this appellant's contributions, and the deduction should have been allowed.

Order reversed.