WALTER G. LAGE AND AUDREY C. LAGE, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6487–66. Filed April 22, 1969.

*Claude R. Wilson, Jr.,* for the petitioners.
*W. Read Smith,* for the respondent.

132

OPINION

Petitioner's expenditure for management training is deductible under section 162(a),[1] I.R.C. 1954, if it constitutes an ordinary and necessary business expense. Pursuant to Rev. Rul. 68–191, 1968–1 C.B. 67, petitioner has elected to rely on section 1.162–5, Income Tax Regs., adopted in T.D. 6918, 1967–1 C.B. 36, which provides, in pertinent part, as follows:

Expenses for education.—(a) *General Rule.* Expenditures made by an individual for education (including research undertaken as part of his educational program) which are not expenditures of a type described in paragraph (b) (2) or (3) of this section are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education—

(1) Maintains or improves skills required by the individual in his employment or other trade or business, * * *

Petitioner contends that the amount he paid Higginbotham was for "education" improving skills required by him in his employment

---

[1] SEC. 162. TRADE OR BUSINESS EXPENSES.

(a) IN GENERAL.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *

as vice president of Chaney & James Construction Co., and therefore deductible under section 162 (a). Respondent, on the other hand, makes two arguments: (1) That petitioner is not entitled to a deduction for the amount paid Higginbotham because the training he received was not "education" as that term is used in the regulations, and (2) that petitioner had failed to carry his burden of proving the deductibility of the claimed expense.

We agree with petitioner. The inquiry called for by section 1.162–5(a)(1), Income Tax Regs., is essentially one of fact, i.e., did the "informal" education petitioner received from Higginbotham improve the skills required in his employment? We think it did. Our findings of fact so indicate.

It is indeed surprising that respondent requested a finding of fact, on this record, that Higginbotham is not qualified as a management consultant. Apparently this is based on his belief that a privately tutored, self-educated man, who has never attended an institution of higher learning, cannot qualify as a management consultant. We reject this implication as unsound. As valuable as it may be, a college or graduate degree in business administration is not an indispensable qualification for a management consultant. Higginbotham has been an assistant superintendent of a construction company; senior accountant for the water and gas department of a large city; regional manager of an engraving company with supervision over 11 west coast States; an official in the marketing department of the Chevrolet Division of General Motors; district manager and special representative for the Dodge Division of the Chrysler Corp.; special assistant to the president and general manager of the Southwestern Division of United Transports; and a management specialist and technical advisor to the staff of the 3d Army during World War II. During the past 20 years Higginbotham has been an invalid, confined to his home, where he has carried on his private business-management consulting activities and his work as a psychologist. He now has about 38 corporate executives as clients and renders management advice to about 25 corporations. Consequently, there is not the slightest doubt in our minds that he is a qualified management consultant.[2]

We disagree with respondent's contention that the word "education," as used in section 1.162–5(a) of the regulations, does not encompass the type of instruction and training Higginbotham provided to petitioner. Respondent's argument on this point is that—

while it may well be that petitioner's consultations with Mr. Higginbotham were "educational" in the sense that, afterwards, petitioner knew more about the op-

---

[2] If respondent truly believes Higginbotham is not qualified, it is strange that he did not disallow deductions obviously claimed by the construction company on its returns as consultant fees.

eration of the corporation and his function with respect thereto, this is not "education" referred to in section 1.162–5 of the regulations.

It is our view that respondent's conception of "education" in the light of these facts and in this context is too restrictive. "Education" includes not merely instruction in a school, college, university, or a formally conducted training program, but embraces the acquiring of information and knowledge from a tutor. See and compare *Weyl* v. *Commissioner*, 48 F.2d 811, 812 (C.A. 2, 1931); and *Jones* v. *Better Business Bureau of Oklahoma City*, 123 F.2d 767, 769 (C.A. 10, 1941), for general definitions of "education." It is clear that the deduction for educational expenses is not limited to formal or institutional education. See, e.g., sec. 1.162–5(d), Income Tax Regs., allowing a deduction for the expenses of educational travel. Moreover, tutorial instruction is recognized and well established as a method of "education." Here the uncontroverted testimony of petitioner and Higginbotham is that petitioner was deficient in various aspects of management, e.g., financing, bonding, accounting, and personnel techniques, and that Higginbotham instructed and educated him in these matters.

This record establishes to our satisfaction that the training petitioner received was not necessary to enable him to meet the minimum educational requirements for his job, but rather to aid him in handling certain unusual transactions and problems. Nor was the expense incurred so that petitioner could qualify for a new position, a substantial advancement in position, or to fulfill his general educational aspirations. Cf. *N. Kent Baker*, 51 T.C. 243 (1968); and *James A. Carroll*, 51 T.C. 213 (1968). We think the "education" petitioner received from Higginbotham served to improve the managerial skills needed in his employment. Cf. *Cosimo A. Carlucci*, 37 T.C. 695 (1962).

We find no substance whatsoever in respondent's assertion that petitioner has failed to meet his burden of proof. He has shown that the skills were required and were improved. It is important that when petitioner was brought in to run the construction company, it was experiencing extremely difficult management and financial problems and, while petitioner was experienced in the construction business, he had never faced the unusual problems confronting him in this company.

In any event, we agree with petitioner's alternative contention that, in these special circumstances, the expenditure qualifies as his ordinary and necessary business expense under section 162(a), even if what petitioner got from Higginbotham is viewed as advice and consultation on specific managerial problems. Accordingly, we conclude that petitioner is entitled to the claimed deduction.

To reflect the concession of an automobile depreciation issue,

*Decision will be entered under Rule 50.*