MICHAEL L. McCULLOCH and NANCY E. McCULLOCH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McCulloch v. Commissioner
Docket No. 8499-85.
United States Tax Court
T.C. Memo 1988-84; 1988 Tax Ct. Memo LEXIS 110; 55 T.C.M. (CCH) 259; T.C.M. (RIA) 88084; February 29, 1988; As amended February 29, 1988 Richard Clark, for the petitioners. James B. Martin, Jr., for the respondent. JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined deficiencies in petitioners' 1981 and 1982 Federal income taxes in the amounts of $ 1,073 and $ 1,026, respectively, and an addition to tax for 1981 pursuant to section 6651(a)(1)[1] in the amount of $ 12. After concessions, the issues remaining are: (1) whether the expenses incurred by petitioner Nancy E. McCulloch (Mrs. McCulloch) in connection with her sabbatical to Ireland during 1981 and 1982 were ordinary and necessary business expenses; and (2) whether petitioners are *112 liable for an addition to tax pursuant to section 6651(a)(1) for failure to file a timely return for 1981. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and related exhibits are incorporated by this reference. Petitioners, husband and wife, resided in Fort Collins, Colorado at the time they filed their petition. Throughout the years at issue, Mrs. McCulloch was an elementary school teacher for the Poudre R-1 School District in Colorado. She has been an elementary school teacher for approximately 18 years. Mr. McCulloch was an assistant professor of philosophy at Colorado State University (CSU). For the 1981-82 school year, both Mr. and Mrs. McCulloch took sabbaticals from their respective teaching positions to travel to Ireland. Only the deductibility of Mrs. McCulloch's expenses during her sabbatical is at issue. Mrs. McCulloch received one-half pay while on sabbatical. Her sabbatical was taken to study the use of storytelling in elementary curricula of selected Irish school systems and to learn from Irish storytellers the essentials of their art. Although Mrs. McCulloch is of Irish ancestry, she was not aware *113 of any relatives living in Ireland. She chose to take her sabbatical in Ireland because of its rich tradition in storytelling and because many find storytellers still live there. Further, through the library at Trinity College in Dublin, Mrs. McCulloch had access to an outstanding collection of storytelling literature. In her opinion, Ireland was the best English speaking place to learn storytelling. Sabbaticals were approved by the Poudre R-1 School District based upon the benefit to the teacher taking the sabbatical, the benefit to children with whom the teacher would later interact, and the benefit to the school district itself. International sabbaticals were periodically approved because they were viewed as enabling the person taking the sabbatical to learn about other cultures, to encounter experiences that were not available in the United States, and to develop a global perspective in teaching. Mrs. McCulloch's sabbatical was not required as a condition to her retaining her employment as an elementary school teacher. Petitioners, accompanied by their four children, traveled to Ireland in early June, 1981. Prior to their arrival in Ireland, the family spent four days *114 each in London and Liverpool, England. [2]
Upon their arrival in Ireland, petitioners and their children stayed at Trinity College in Dublin for four days before moving into a house that they had rented for the duration of their sabbaticals. Mrs. McCulloch took time to acclimate herself to the area and to enroll her children in school. She shortly thereafter began to search for storytellers and contacted organizations and various people to assist her in that search. She found there was an abundance of storytellers but that few of them were professionals. While Mrs. McCulloch was getting acclimated and searching for storytellers, Mr. McCulloch established himself in his teaching position at Trinity College. Mrs. McCulloch formally commenced her independent study on July 20, 1981. Although she kept no log, diary, or other record with respect to how she spent her sabbatical, she maintained the same schedule every week, with the exception of two weeks spent taking family trips to Galway and Killarney (where she believed she would find storytellers) and a few days in August when she attended *115 a conference. Each weekday morning, Mrs. McCulloch drove to either the National Library or the library at Trinity College. [3] While at the library, she read collections of stories and books that detailed the importance of storytelling in the elementary school classroom. She also researched teaching techniques used in Ireland to gain insight as to how she could improve her own teaching skills. At approximately one o'clock most weekday afternoons, Mrs. McCulloch returned home to greet her children as they returned from school. She would spend the afternoons working on her research, preparing supper and caring for her children. Mr. McCulloch cared for the children and cooked dinner twice a week, enabling Mrs. McCulloch to spend the entire day working on her research. After supper, she would read until midnight or one o'clock in the morning. She estimated that each weekday she skimmed 10 books and read two books carefully. Saturdays were spent engaged in family activities and in doing personal errands. On Sundays, *116 the family generally took trips to see places pertaining to the stories Mrs. McCulloch read, including ruins, graveyards and fairy mounds. These visits helped her to gain a greater understanding and appreciation of the stories she read. Mrs. McCulloch did not attend any classes while in Ireland, but she did attend a librarian's conference on children's literature from August 3, 1981 to August 8, 1981. At the conference, she listened to stories and lectures and met with a noted storyteller with whom she discussed the importance of storytelling in education and from whom she received tips to improve her own storytelling. In the course of her studies, Mrs. McCulloch prepared an annotated bibliography for use both in a handbook that she was preparing for other teachers and for her Master's thesis. The list of books contained in the bibliography was divided into four sections: the development of reading and listening skills in children; storytelling; collections of stories she had read; and books she planned to acquire upon her return to Colorado. Mrs. McCulloch purchased approximately six collections of stories while in Ireland. She also made copies of stories that she found *117 particularly interesting. Upon her return from Ireland, Mrs. McCulloch relied heavily on storytelling in her teaching. She told her students stories two to three times each week, and although each story lasted only approximately one-half hour, she used the story as the focal point for many of her lessons. She built handwriting and spelling lessons around the stories and had the children list the adverbs and adjectives that they heard in the stories. She also based some of her social studies lessons on the stories she told. Mrs. McCulloch benefited professionally from her sabbatical in a number of ways. She found that her intensive study of Irish stories enabled her to learn other stories more easily and to relate these stories to her students. As a result of her experience in Ireland, she was able to tell 15 stories well, could learn 50 more at a week's notice, and knew hundreds more. In addition, she learned research techniques which enabled her to gain access to stories in Colorado. Mrs. McCulloch shared her skills by conducting a workship and by telling stories in an enrichment program from gifted and talented children. She recommended stories to other teachers and shared *118 with them the bibliography she prepared in Ireland. She also made a videotape which has been used, with impressive results, to train other teachers. Petitioners claimed a deduction for the following expenses incurred by Mrs. McCulloch during her trip to Ireland, all of which have been substantiated: Expense
1981
1982
Lodging
$ 1,429
$ 1,982
Food
695
773
Transportation
761
405
Travel
906
649
Miscellaneous
38
413
$ 3,879
$ 4,222
Respondent disallowed the deduction of these expenses. In addition, he determined a $ 12 addition to tax under section 6651(a)(1) for the 1981 taxable year for failure to file a timely return. [4]
OPINION The first issue for determination is whether the expenses incurred by Mrs. McCulloch with respect to her sabbatical were ordinary and necessary business expenses. Petitioners bear the burden of proving that such expenses meet the requirements for deductibility. *119 Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Section 162(a) permits a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Such expenses include expenditures for travel (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business. Section 162(a)(2). If an individual travels away from home primarily for educational purposes, the expenses of which are deductible under section 162, his expenditures for travel, meals and lodging while away from home are deductible. Section 1.161-5(e), Income Tax Regs.
Unless otherwise expressly provided, no deductions are allowed for personal, living, or family expenses. Section 262. Section 1262-1(b)(9), Income Tax Regs., provides: "Expenditures made by a taxpayer in obtaining an education or in furthering his education are not deductible unless they qualify under section 162 and section 1.162-5." Section 1.162-5, Income Tax Regs., sets forth objective criteria for distinguishing between business expenses and personal expenses. *120 With two exceptions not here relevant, expenditures made by a taxpayer for education, [5] including research undertaken as part of an educational program, are deductible as ordinary and necessary business expenses so long as such education either (1) maintains or improves skills required by an individual in his employment or other trade or business or (2) meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status or rate of compensation. Section 1.162-5(a), Income Tax Regs. The parties have stipulated that the expenses at issue herein do not meet the requirements of the second of the aforementioned two categories. We, therefore, must determine whether Mrs. McCulloch's sabbatical maintained or improved her skills as an elementary school teacher. *121 In order to meet their burden of proof, petitioners must show that there was a direct and proximate relationship between the skills required by Mrs. McCulloch in the teaching of her elementary school class and the expenses she incurred in connection with her sabbatical. Kornhauser v. United States,276 U.S. 145, 153 (1928); Schwartz v. Commissioner,69 T.C. 877, 889 (1978). A precise correlation is not necessary, and the educational expenditure need not be for training so long as it enhances existing employment skills. Boser v. Commissioner,77 T.C. 1124, 1131 (1981), revised 79 T.C. II (1982), affd. without published opinion (9th Cir., Dec. 22, 1983); Schwartz v. Commissioner, supra;Lund v. Commissioner,46 T.C. 321, 331-332 (1966). The approval of a travel program by an employer is not determinative that the required relationship exists between the travel involved and the duties of the individual in his position. Section 1.162-5(d), Income Tax Regs.
We believe that Mrs. McCulloch's sabbatical improved her teaching skills. Storytelling can be an effective teaching tool, especially in the development *122 of elementary school children. Storytelling can advance the child's development in the language arts: reading, speaking, spelling, handwriting, and creative writing. It can hold a child's attention and teach the child the skills of sequencing and listening comprehension. Furthermore, storytelling can develop the listener's imagination. The content of stories can teach children about other cultures. Storytelling can have an important, positive influence on the teacher-student relationship: the students develop more trust in their teacher, and the teacher is then able to lessen her role as a disciplinarian and develop a more nurturing, engaging, and academic relationship with her students. It can also provide relaxation in a highly stressful environment. In addition to proving that the expenses attendant to the sabbatical maintain or improve Mrs. McCulloch's teaching skills, petitioners must prove that such expenses were "ordinary and necessary" within the meaning of section 162(a). Section 1.262-1(b)(9), Income Tax Regs.; *123 Boser v. Commissioner,77 T.C. at 1132; Ford v. Commissioner,56 T.C. 1300, 1305-1307, affd. per curiam 487 F.2d 1025 (9th Cir. 1973). As used in section 162(a), "ordinary" has been defined as that which is "normal, usual or customary" in the taxpayer's trade or business. Deputy v. duPont,308 U.S. 488, 495 (1940). That a particular activity is not required by the taxpayer's employer does not prevent such activity from being ordinary. Boser v. Commissioner,77 T.C. at 1132. See Carlucci v. Commissioner,37 T.C. 695 (1962). Although sabbaticals are not required by the school district in which petitioner taught, sabbaticals were a common method for teachers of kindergarten through the twelfth grade to improve their professional skills. Therefore, we find that the expenses associated with the sabbatical are "ordinary." "Necessary" has been construed to mean "appropriate" or "helpful," not "indispensible" or "required." Ford v. Commissioner,56 T.C. at 1306. However, a requirement inherent in the concept of "necessary" is that any payment asserted to be allowable as a *124 deduction must be reasonable in relation to its purpose. Boser v. Commissioner,77 T.C. at 1133. To the extent that an expense is unreasonable, it is not necessary; in such case, only the portion which was reasonable is deductible under section 162. Boser v. Commissioner, supra;Commissioner v. Heininger,320 U.S. 467, 475 (1943); Voigt v. Commissioner,74 T.C. 82, 89 (1980). As previously stated, the sabbatical improved Mrs. McCulloch's teaching skills. Given the important purpose served by storytelling in Mrs. McCulloch's classes and the benefit she derived from her sabbatical in Ireland, the expenses associated therewith appear to be quite reasonable. None of the expenses incurred by petitioners in the course of their sabbaticals were lavish, and the selection of Ireland as the place for Mrs. McCulloch's sabbatical, in our opinion, served an important educational purpose. Finally, petitioners must prove that Mrs. McCulloch's sabbatical was related primarily to her employment as an elementary school teacher. If a taxpayer travels to a destination and while at such destination engages in both business and personal *125 activities, traveling expenses to and from such destination are deductible only if the trip is related primarily to the taxpayer's trade or business. Section 1.162-2(b)(1), Income Tax Regs. Whether a trip is related primarily to the taxpayer's trade or business or is primarily personal in nature depends on the facts and circumstances of each case. Sections 1.162-2(b)(2) and 1.161-5, Income Tax Regs. See Gino v. Commissioner,60 T.C. 304 (1973), revd. per curiam or another issue 538 F.2d 833 (9th Cir. 1976), cert. denied 429 U.S. 979 (1976); Marlin v. Commissioner,54 T.C. 560 (1970); Baker v. Commissioner,51 T.C. 243, 247 (1968). The amount of time during the period of the trip which is spent on personal activity compared to the amount of time spent on activities directly relating to the taxpayer's trade or business is an important factor in determining whether the trip is primarily personal. Section 1.162-2(b)(2), Income Tax Regs. Although we recognize the pleasure aspects of the sabbatical in question, we are satisfied that in this case the sabbatical was related primarily to Mrs. McCulloch's employment. *126 While on her sabbatical, Mrs. McCulloch spent the majority of her time pursuing her research. She spent five days a week in this pursuit, except for two weeks during which she traveled, and several days during which she attended a conference, both of which were in furtherance of the purposes of Mrs. McCulloch's sabbatical. In sum, we hold that the expenses incurred during Mrs. McCulloch's sabbatical were ordinary and necessary business expenses which are deductible under section 162(a). [6]
The other issue for determination is whether petitioners are liable for the addition to tax under section 6651(a)(1). [7] Petitioners' return was due on April 15, 1982, but the return was not received by respondent until October 13, 1982. See section 6072(a). In his notice of deficiency, respondent determined that petitioners failed to timely file *127 their 1981 return and that they are thus liable for an addition to tax under section 6651(a)(1). Petitioners bear the burden of proof with respect to this issue. They failed to prove either that their failure to file a timely return was due to reasonable cause or that their return was timely. Thus, we sustain respondent's determination with respect to this issue. To reflect the foregoing, and the concessions made by petitioners, Decision will be entered under Rule 155. *128 Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Petitioners did not deduct any expenses associated with their stay in England. ↩
3. Mrs. McCulloch also studied at Stillorgan Library, which was a neighborhood library one mile from petitioners' house, and at the library at Dun Laoghaire. ↩
4. Respondent did not receive petitioner's 1981 tax return until October 13, 1982. ↩
5. The regulation does not define the word "education." In Lage v. Commissioner,52 T.C. 130 (1969), we were asked to determine whether an expense was "for education" which improved that taxpayer's employment skills. We applied a broad, commonsense meaning, noting that the deduction for educational expenses is not limited to formal or institutional education. 52 T.C. at 134↩. We are satisfied that the sabbatical taken by Mrs. McCulloch constitutes "education." 6. An additional prerequisite to deductibility is that the expenses must be substantiated. Section 274; sections 1.162-5 and 1.162-17, Income Tax Regs.↩ The parties have stipulated that the majority of the expenses were adequately substantiated; respondent conceded the substantiation issue at trial with respect to the balance of the expenses. 7. Section 6651(a)(a) provides, in relevant part, as follows: (a) ADDITION TO THE TAX. -- In case of failure -- (1) to file any return required under authority of subchapter A of chapter 61 * * *, on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate; * * * ↩