DONALD C. KIMBROUGH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kimbrough v. Commissioner
Docket No. 12435-85.
United States Tax Court
T.C. Memo 1988-185; 1988 Tax Ct. Memo LEXIS 216; 55 T.C.M. (CCH) 730; T.C.M. (RIA) 88185; May 2, 1988. Leonard Murray, for the petitioner. William Merkle and Luanne S. Dimauro, for the respondent. JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined deficiencies in petitioner's 1981 and 1982 Federal income taxes in the amounts of $ 1,387 and $ 2,173, respectively. After concessions, the sole issue for our determination is whether petitioner's golfing activity was an "activity not engaged in for profit" within the meaning of section 183. [1]
FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and accompanying *218 exhibits are incorporated herein by this reference. At the time of filing the petition herein, petitioner resided in Chicago, Illinois. During the years in issue, petitioner taught at Chicago Vocational High School where he coached girls' basketball, as well as high school golf. The student body at Chicago Vocational is comprised primarily of poor, minority youth. His income from such employment was $ 29,889 for 1981 and $ 31,265 for 1982. Petitioner began to play golf seriously in 1972 when he joined his college's golf team. In 1976, when he was 40 years old, he began an apprenticeship program with the Professional Golfers' Association of America ("PGA"). [2] During his apprenticeship, petitioner served as an unpaid assistant to the professional at Pipe O'Peace Golf Course. Upon satisfying the eligibility requirements, [3] petitioner was elected a member of the PGA in 1985. *219 Petitioner considered leaving his position at Chicago Vocational in order to devote his full time to golf, but he decided not to do so because he found teaching rewarding, and he felt that his success as a black professional golfer would be an inspiration to his students. Petitioner went to the Pipe O'Peace Golf Course each day after school, weather permitting, where he was able to practice after fulfilling his duties as the assistant professional. In case of inclement weather, he practiced indoors. During the winter, he practiced approximately 1-1/2 hours each day; he also went to Florida twice a month to play golf. During the summer months, he was able to devote 12 hours each day to his golfing activities. From 1978 through 1982, petitioner's total receipts, expenses and losses from his golfing activity were as follows: Year
Receipts [4]
Expenses
Losses
1978
$   0  $  2,538
$  2,538
1979
148
1,332
1,184
1980
400
4,672
4,272
1981
904
4,167
3,263
1982
1,458
8,061
6,603
Petitioner substantiated virtually all of his golf expenses; thus, respondent does not contest *220 that such expenses were incurred. Rather, respondent disallowed a portion of petitioner's 1981 and 1982 golf-related expenses on the basis that petitioner did not engage in his golfing activity for profit. ULTIMATE FINDING OF FACT Petitioner's golfing activity was an activity engaged in for profit during the years in issue. OPINION The sole issue for our determination is whether petitioner's golfing activity was an "activity not engaged in for profit" within the meaning of section 183. Section 183(a) provides, in general, that an individual will not be allowed any deduction attributable to an activity "if such activity is not engaged in for profit." Section 183(c)[5] defines an activity "not engaged in for profit," as any activity that is neither a trade or business for purposes of section 162[6] nor for the production of income for purposes of section 212(1) or (2). [7]
*221 The threshold test for determining whether an activity constitutes a trade or business so as to allow a deduction for expenses under section 162 is whether the primary purpose and intention of the taxpayer is engaging in the activity is to make a profit. Hager v. Commissioner,76 T.C. 759, 784 (1981); Golanty v. Commissioner,72 T.C. 411, 425 (1979), affd. in an unpublished opinion 647 F.2d 170 (9th Cir. 1981); Allen v. Commissioner,72 T.C. 28, 33 (1979); Dunn v. Commissioner,70 T.C. 715, 720 (1978) affd. 615 F.2d 578 (2d Cir. 1980); Churchman v. Commissioner,68 T.C. 696, 701 (1977). Although petitioner need not prove that his expectation of profit was reasonable, he must prove that he had an honest and actual objective of making a profit. Section 1.183-2(a), Income Tax Regs.; Beck v. Commissioner,85 T.C. 557, 569 (1985); Flowers v. Commissioner,80 T.C. 914, 931 (1983); Dreicer v. Commissioner,78 T.C. 642, 644-645 (1982), *222 affd. without opinion 702 F.2d 1205 (D.C.Cir. 1983). In this context, "profit" means an economic profit independent of tax savings. Estate of Baron v. Commissioner, 83 T.C, 5642, 557-559 (1984), affd. 798 F.2d 65 (2d Cir. 1986). Petitioner bears the burden of proving that he entered into his golfing activity with the requisite profit objective. Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933); Beck v. Commissioner,85 T.C. 557 (1985); Flowers v. Commissioner,80 T.C. 914 (1983). [8] We have found as the ultimate finding of fact that he did. *223 The issue of whether petitioner engaged in his golfing activity with the requisite profit objective is a question of fact to be resolved on the basis of all the surrounding circumstances. Finoli v. Commissioner,86 T.C. 697, 722 (1986); Beck v. Commissioner,85 T.C. 557, 570; Flowers v. Commissioner,80 T.C. 914, 931-932; Lemmen v. Commissioner,77 T.C. 1326, 1340 (1981). Petitioner testified that his golfing activity was profit-motivated and that he entered golf tournaments in an attempt to win the prize money. Even though we found petitioner's testimony credible, we give greater weight to objective factors than to his statement of intent in determining whether he had the requisite profit objective. Sec. 1.183-2(a), Income Tax Regs.; Beck v. Commissioner, supra;Flowers v. Commissioner, supra;Siegel v. Commissioner,78 T.C. 659, 699 (1982). Section 1.183-2(b), Income Tax Regs., provides a nonexclusive list of nine *224 objective factors relevant to the determination of whether an activity is engaged in for profit. The nine factors are: (1) the manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisors; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayer; and (9) whether elements of personal pleasure or recreation are involved. No single factor is controlling, but rather it is an evaluation of all the facts and circumstances, taken as a whole, which is determinative. Sec. 1.183-2(b), Income Tax Regs.; Abramson v. Commissioner,86 T.C. 360, 371 (1986). The fact that the taxpayer carries on the activity in a businesslike manner and maintains complete books and records may indicate that an activity is engaged in for profit. Sec. 1.183-2(b)(1), Income Tax Regs. *225 Here, petitioner carefully detailed the expenses he incurred with respect to each tournament he entered, in addition to recording the prize money available at each such tournament. The expertise of the taxpayer or his advisors is another factor relevant to our determination. Preparation for an activity by extensive study of its accepted business, economic and scientific practices, or consultation with those who are expert therein, may indicate that the taxpayer has a profit motive. Sec. 1.183-2(b)(2), Income Tax Regs. Petitioner did not approach golf casually. He attended a business course for golfers, and assisted a professional golfer from whom he also took lessons. Petitioner's training included not only coursework but practice in a variety of areas, including the operation of a golf shop, teaching methods and golf techniques. We next consider the time and effort devoted by petitioner to his golfing activity. The fact that an individual devotes much of his personal time and effort to carrying on an activity may indicate an intention to derive a profit. Sec. 1.183-2(b)(3), Income Tax Regs. Although the inclement Chicago *226 weather and petitioner's teaching responsibilities prevented him from devoting large amounts of time to golf during the winter, he was able to practice for approximately 1-1/2 hours each day. In addition, he traveled to Florida twice each month to practice during the winter. In the summer months, he was able to devote 12 hours every day to golf. In addition to the time he spent practicing, petitioner devoted time to studies at the golf business school and work as an assistant professional. The history of losses resulting from the activity bears upon the determination of profit motive. However, the purpose to make a profit may exist even the face of a history of losses unaccompanied by any gains whatever. Bessenyey v. Commissioner,45 T.C. 261, 274 (1965), affd. 379 F.2d 252 (2d Cir. 1967), cert. denied 389 U.S. 931 (1967); White v. Commissioner,23 T.C. 90, affd. 227 F.2d 779 (6th Cir. 1955), cert. denied 351 U.S. 939 (1956). This is particularly true in the initial stage of an activity. Sec. 1.183-2(b)(6), Income Tax Regs. Petitioner had not been playing golf *227 as a professional for an unduly long time when the losses at issue herein were sustained. Moreover, although he met with generally increasing costs over the years, his winnings steadily increased each year. If a taxpayer has substantial income from sources other than the activity in question, this may be an indication that the activity is not engaged in for profit, particularly if the losses from the activity generate substantial tax benefits. Sec. 1.183.2(b)(8), Income Tax Regs. Here, petitioner's outside income was not substantial. The final factor we consider is whether elements of personal pleasure were involved in petitioner's golfing activity. Petitioner undoubtedly enjoyed playing golf, but the attainment of enjoyment from one's work does not diminish the business nature of the activity. Despite the degree of enjoyment petitioner may have experienced, we believe he had an honest and actual objective of realizing a profit from his golfing activity during the years at issue. Respondent alternatively contends that the expenses incurred by petitioner with respect to his golfing activity were nondeductible, educational expenses because they were incurred in order to *228 qualify petitioner for a new trade or business. Section 1.162-5, Income Tax Regs., provides, in relevant part, as follows: (a) General Rule. Expenditures made by an individual for education (including research undertaken as part of his educational program) which are not expenditures of a type described in paragraph (b)(2) or (3) of this section are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education -- (1) Maintains or improves skills required by the individual in his employment or other trade or business, * * * (b) Nondeductible educational expenditures. -- * * * (3) Qualification for new trade or business. (i) the second category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. * * * The regulations do not define the term "education." However, in Lage v. Commissioner,52 T.C. 130 (1969), *229 we applied a broad, commonsense meaning to the term "education," noting that the deduction for educational expenses is not limited to formal or institutional education. 52 T.C. at 134. We do not believe, however, that the expenses at issue were incurred for education, even given the broad definition we have ascribed to that term. The expenses incurred herein were appropriate and reasonable in amount. We find, therefore, that petitioner engaged in his golfing activity for profit and is entitled to deduct his substantiated expenses pursuant to section 162. To reflect the foregoing, and the concessions made by the parties, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. As a member of the PGA, petitioner was eligible to play in certain golf tournaments which were not open to persons who were not PGA members. ↩
3. To be eligible for membership in the PGA, an applicant had to be a golf professional at a recognized club or course, be employed as an assistant golf professional to a Class A member, be an approved tournament player or accumulate 36 credits. Credits were awarded for having a Bachelor's Degree at an accredited college or university, completing a PGA approved course (which consisted of taking classes in various aspects of golf, such as teaching and playing techniques, running a golf tournament, merchandizing, etc.), being an assistant professional, and playing in PGA approved tournaments. Petitioner became a member of the PGA by accumulating 36 credits. ↩
4. All figures have been rounded to the nearest dollar. ↩
5. Section 183(c) provides as follows: (c) ACTIVITY NOT ENGAGED IN FOR PROFIT DEFINED. -- For purposes of this section, the term "activity not engaged in for profit" means any activity other than one with respect to which deductions are allowable for the taxable year under section 162 or under paragraph (1) or (2) of section 212↩. 6. Section 162 provides, in relevant part, as follows: (a) IN GENERAL. -- There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * * ↩
7. Section 212 provides, in relevant part, as follows: In the case of an individual there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year -- (1) for the production or collection of income; (2) for the management, conservation, or maintenance of property held for the production of income, * * * ↩
8. Section 183(d) provides a statutory reversal of the burden of proof if petitioner meets specified criteria. Petitioner does not meet such criteria. Section 183(d) provides, in relevant part, as follows: (d) PRESUMPTION. -- If the gross income derived from an activity for 2 or more of the taxable years in the period of 5 consecutive taxable years which ends with the taxable year exceeds the deductions attributable to such activity (determined without regard to whether or not such activity is engaged in for profit), then, unless the Secretary establishes to the contrary, such activity shall be presumed for purposes of this chapter for such taxable year to be an activity engaged in for profit. * * * ↩